## NETTLETON *vs.* BILLINGS.

In ascertaining the meaning of a sentence, reference is not always to be made to the next antecedent, or to the next subsequent, but regard is to be had to the subject matter.

In *scire facias* against bail, the notice to the defendant was dated on the 3d day of October, 1842, and stated that the execution was returnable on the 3d Tuesday of October *next.—Held*, that the word *next* referred to the 3d Tuesday of the month, and not to the month, and that it was sufficient.

SCIRE FACIAS, against the defendant as bail upon a writ sued out by the plaintiff against one Hezekiah Whitmore.

At the April term, 1842, of the court of common pleas for this county, the plaintiff recovered judgment against Whitmore, upon which execution then issued, returnable on the third Tuesday of October, 1842. The notice by the officer to the bail was dated on the 3d day of October, 1842, and stated that the execution was returnable " on the third Tuesday of October *next.*"

Plea in abatement, because, by the notice, the execution appeared to be returnable on the third Tuesday of October next after the date of the notice, which would be on the third Tuesday of October, 1843; so that the writ of *scire facias* was commenced before the return day of the execution, as set forth in the notice.

To this plea the plaintiff demurred, and the defendant joined in demurrer.

*Burke*, for the plaintiff.

*Leland*, for the defendant.

GILCHRIST, J. The eighth section of the statute of December 25th, 1828, *N. H. Laws* 497, (*Ed. of* 1830) by virtue of which the notice in this case was given, provides that the officer shall deliver to the bail, &c., a notice in writing, stating the amount of the execution, " and when returnable,"

&c. The execution against Whitmore was returnable on the third Tuesday of October, 1842; and the question is, whether it be stated in the notice to be thus returnable, giving it a reasonable construction.

In ascertaining the true meaning of a sentence, it is not necessary that reference should always be made to the next antecedent, or the next subsequent, but regard is to be had to the subject matter. In *Carbonel* vs. *Davies*, 1 *Strange* 394, the plaintiff declared in Trinity Term, 1720, (which was in the summer) in case upon a promissory note, set out to be made on the 2d day of November, 1719, and payable on the 31st day of December *next*. Lee objected that the plaintiff had brought his action before the note was payable ; " for the word *next* does not refer to the date of the note, but the time the plaintiff is declaring ; when he is here made to say that at that time the defendant had not paid him a sum of money, which he was obliged by note to pay in December next." But the court held that it must be taken *super subjectam materiem*, and as a translation of the note ; and then it could be no otherwise than a note of the 2d of November, 1719, to pay in December next, which is next after the date of the note, and the plaintiff had judgment. In the case before us, by parity of reasoning, the word *next* should be applied in the same way ; and then the execution would be stated to be returnable on the third Tuesday &c. next after the date of the notice, which would be the return day of the execution. And if we construe the language in reference to the subject matter, the mere transposition of the word *next*, so that the sentence should read, " the next third Tuesday of October," would bring us to the same result.

A decision, similar in its principle to the one before us, has already been made by this court. Upon an application by the prisoner to be admitted to take the poor debtor's oath, an order of notice, dated on the sixth day of May, specified the twenty-second day of May *next* as the day of hearing. It was held that, from the nature of the case, the twenty-

second day of the same month was intended. *Osgood* vs. *Hutchins*, 6 *N. H. Rep.* 375, *and cases there cited by the court.*

In the case of *Tillson* vs. *Rowley*, 8 *Greenl.* 163, a complaint under the bastardy act was dated on the 7th day of November, 1829, and alleged that the child was begotten on the 11th day of April, without stating the year. It was said by the court, that "it was impossible to mistake what April was intended. When a month is referred to, it will be understood to be of the current year, unless from the connection it is apparent that another is intended."

In addition to these authorities, which are in point upon this matter, it may be remarked that the defendant could not have been misled by the language of the notice. He was Whitmore's bail upon the writ, and in that capacity had become liable to satisfy the judgment which might be recovered against Whitmore, unless he should produce the principal to the officer before the return day of the execution, that he might be arrested. He could not have supposed, if he had ordinary intelligence, that the execution which he was notified was in the hands of the officer on the 3d day of October, 1842, and which of course was issued at the April term previous, was returnable on the 3d Tuesday of October, 1843, a year and a half from its date. This would assuredly be an ignorance of the law which should excuse no one.

The judgment of the court is, that the defendant

*Respondeat ouster.*