29  385
72  187
72  188

## KELLY *v.* GILMAN.

Where a month is referred to without any designation of the year, it will be understood as of the current year, unless, from the connection, it appears that another year was intended.

Where a writ is dated in February, 1853, returnable at the court to be holden on the fourth Tuesday of April, without the word *next*, it will be understood *next April.*

A writ of mesne process, commanding the arrest of the defendant, returnable after an intervening term, is void. Other writs, in such cases, are generally amendable.

THIS is an action of trespass for assault and battery and false imprisonment. The plaintiff, in his declaration, alleges that he was imprisoned and detained in prison sixteen days, to wit: from the 8th day of April, 1853, to the 23d day of the same month. The parties agree that this plaintiff, Charles H. Kelley, on the 11th day of January, 1853, was indebted, by note of that date, to this defendant, Gilman, in the sum of $22,88; that on the 17th day of February, 1853, said Gilman caused a writ of capias and attachment to be issued of that date, in due form of law, except as is hereinafter stated, on said note against said Kelly, from the clerk's office of the court of common pleas for the county of Carroll, returnable to said court at Ossipee in said county, on the fourth Tuesday of April, *without any addition or designation of what April.* The plaintiff's attorney in said suit made, signed and swore to an affidavit, on the back of said writ, before a justice of the peace, that

in his belief said Kelly concealed his property, so that no attachment or levy could be made, and that he had good reason to believe that said Kelly was about to leave the State, to avoid the payment of his debts. This writ was delivered into the hands of James Bodge, who was then a deputy sheriff in and for said county of Strafford, for service, and said Bodge, by virtue of said writ, in the form aforesaid, on the 8th day of April, 1853, arrested said Kelly, and immediately upon said arrest being made, the defect in the form of said writ was pointed out to said officer, notwithstanding which said Bodge continued to hold said Kelly a prisoner. Kelly afterwards filed his petition before Jeremiah Dame and David T. Parker, Esquires, two justices of the peace and quorum, praying them that he might be discharged from said arrest, as is provided by law in such cases, the justices thereupon issued notice in writing, in due form of law, to the plaintiff's attorney in said action, appointing the time and place when and where a hearing would be had before them on said Kelly's petition; the notice was duly served on said Gilman's attorney, and a hearing was had accordingly, at the place named in the notice, on the 23d day of April, 1853, that being the time appointed, so far as said Kelly was concerned, though neither the plaintiff in said suit, or his attorney therein, were present; and upon the proceedings had before said justices, it not appearing to them that said Kelly did conceal his property, or was about to leave the State, it was by them ordered that said Kelly should be discharged from said arrest, and he was accordingly thus discharged.

It was further agreed that, if it shall be the opinion of the court that this suit can, in law, be maintained, then judgment shall be rendered for the plaintiff for such sum as a commissioner, to be appointed by the court, shall adjudge as damages and costs; otherwise for the defendant for costs.

*N. & G. N. Eastman*, for the plaintiff.

The writ on which Kelly was arrested was defective in form and void. This defect was apparent upon the face of said process. It was not returnable to any term of the court, from the clerk's office of which it was issued. *Wood v. Hill*, 5 N. H. Rep. 229.

Our statutes require a certain day to be named in writs. Forms of Writs, Comp. Stat. 463. These requirements are a part of the law of the land. *Sumner v. Stewart*, 2 N. H. Rep. 39. The validity of the process on which said arrest was made, can be called in question collaterally, because it was void. *Blanchard v. Goss*, 2 N. H. Rep. 491. The writ was never entered, as may be shown, if necessary, on leave granted to amend the case.

The plaintiff, Gilman, was liable as a trespasser in causing the arrest. 1 Chitty's Pld. 184; *Melvin v. Fisher*, 8 N. H. Rep. 406, and authorities there cited, especially 6 D. & E. 234.

*H. A. Bellows*, for the defendant.

Though the year is not stated in the writ, it is understood in law to be the current year. This is said to be the rule, unless it appears that another month is intended. *Tilson v. Rowley*, 8 Greenl. 163, cited with approbation in *Nettleton v. Billings*, 13 N. H. Rep. 446.

In the case at bar, the writ was returnable to a regular term, and the next regular term was April, 1853. It was served in season for that term. It could not, in law, have been made returnable to any other April term than April, 1853. *Parsons v. Loyd*, 2 Bla. 847.

The defendant could not have been misled. When the return is, for instance, to the 23d day of May next, and the date was May 10th, the term next, is held to apply to the day, instead of the month. *Nettleton v. Billings*, 13 N. H. Rep. 446; *Osgood v. Hutchins*, 6 N. H. Rep. 375, and cases

cited. See *Bean* v. *Thomas*, 2 Johns. 190, and cases reported in 1 Cowen 38, 141, 309, 413.

Trespass cannot be maintained until the writ is set aside, or in some way vacated. *Blanchard* v. *Goss*, 2 N. H. Rep. 495.

So in this case, the irregularity was waived; the defendant submitted. *S. C.*

It has often been ruled in the common pleas that this description was sufficient.

BELL, J. The position of the plaintiff's counsel is, that the writ upon which the plaintiff was arrested is void, and, consequently, no justification for the arrest, because it is not made returnable at the next term of the court. The general rule seems to be that where the return day of process is mistaken or defectively stated, it does not render the process void, but only voidable, liable to be set aside; but the defect may be remedied by amendment. Thus in *Jackson* v. *Crane*, 1 Cowen 38, a writ, tested January 1, 1823, returnable on a day in January *next*, was held not void, but voidable only, though it was taken for granted that several terms intervened between the teste and the return. Similar decisions were made in *Knapp* v. *Palmer*, 1 Caines 468, and *Kissam* v. *Morris*, 2 Wend. 259; *Shirley* v. *Wright*, 2 Ld. R. 775. To this general rule there seems a well settled exception in cases of writs of mesne process running against the body of the defendant, and made returnable after an intervening term, because of the danger of the defendant being subjected to a long imprisonment. Such writs are not voidable, but void absolutely, and incapable of amendment. It was so decided, in conformity to earlier decisions, in *Parsons* v. *Loyd*, 3 Wils. 341; *Shirley* v. *Wright*, 2 Ld. R. 775; *Burns* v. *Thomas*, 2 Johns. 190; *Burk* v. *Barnard*, 4 Johns. 309; *Jackson* v. *Crane*, 1 Cowen 38, and *Blanchard* v. *Goss*, 2 N. H. Rep. 491. If, then, the writ before us is to be construed as returnable after an intervening term, or

if it is held not to be returnable at any definite term of the court, within the principle of the case of *Wood* v. *Hill*, 5 N. H. Rep. 229, where a writ, returnable out of term, was held void, it must be regarded as a mere nullity, incapable of amendment and affording no justification.

There are decisions which hold that writs of *capias ad respondendum*, made returnable as in *Burns* v. *Thomas*, on the 17th of May *next*, where the teste was May 12, 1826, have been held void, as being returnable after several intervening terms, May next being construed as May, 1827. *Jackson* v. *Crane*, before cited. But we are unable to adopt this conclusion. Defects of form, in this State, are not grounds of demurrer, or of pleas in abatement, where the person or case can be rightly understood, but the courts are to order amendment. Rev. Stat. ch. 186, § 10. Still less should any defect render process entirely void, where the matter intended can be understood, however defective the manner of expression. Every reasonable presumption should be made to support process, which must otherwise be held void, *ut res magis valeat quam pereat*. Process may be regarded as voidable, by reason of defects, without serious prejudice of the rights of parties, because such defects are in their nature amendable, under the orders of the court, upon such reasonable terms as may be just to both parties; and such defects may be waived or released, by agreement of parties, or by such acts of the party entitled to take advantage of them, as show that they are not relied upon; as suffering a default, pleading over to the merits and the like. But it is otherwise with such defects as render process void. Parties who have acted ignorantly, under such invalid process, may be subjected to be treated as wrong-doers and trespassers, where they have intended to act with entire propriety. And courts will hardly hesitate to sustain such process, where, without violence to the ordinary usages of lan-

guage, it may be so understood as to render it legal and operative.

In the present case, the writ was made in February, returnable at the court to be holden on the fourth Tuesday of April, without the usual addition of *next*. And we think, that, consistently with common usage, the process may be well understood, both by the party and the court, as returnable on the fourth Tuesday of April *next*, because, it seems to us, that the word *next* is implied, in such a case, according to the general understanding of speakers and hearers, and the word is generally inserted in legal proceedings rather to preclude all uncertainty, than because it is ordinarily considered necessary in less formal writings. If, for instance, this were the case of one gentleman writing to another, and proposing to meet him, for the purpose of transacting some business, at Ossipee, on the fourth Tuesday of April, it would not be thought possible to misunderstand it as applying to any other time than April next. More especially would this be the case if such letter were in answer to a previous letter of his correspondent, saying that he would meet him for the purpose at any time not later than the close of the court at Ossipee. For in every such case the circumstances and nature of the case form a necessary ingredient in giving a construction to language. And, in this case, the nature of the process strongly forbids any other construction, for it is conceded that unless it is understood to mean April next, it is merely inoperative, a paper entirely void and incurable.

In several cases this court have manifested their disposition to adopt such a construction, in cases somewhat analogous to this, as would be consistent with the natural understanding of the community as to what was intended, and such as would give effect to the proceeding rather than to defeat it wholly. In the case of *Osgood* v. *Hutchins*, 6 N. H. Rep. 375, upon an application by a prisoner to take the poor debtor's oath, an order of notice, dated May 6th,

specified the 22d day of May *next*, as the day of hearing, and it was held, upon consideration of many authorities there cited, that from the nature of the case the 22d of the same month was intended. And the court say that in a clause like that under consideration, the term *next* may be referred to the month or the day, according as the intention of the parties apparent upon the face of the instrument or the subject-matter of the transaction may require; and, if possible, such construction should be given as will effectuate the intention of the parties or give effect to the proceedings. In *Nettleton* v. *Billings*, 13 N. H. Rep. 446, which was a *scire facias* against bail; the notice to the bail was dated October 3d, 1842, and stated that the execution was returnable on the third Tuesday of October next, and it was held that though reference is usually made to the next antecedent, yet that is not necessarily so, but regard may be had to the subject-matter. The word *next* might be understood to apply to the day as well as the month. The defendant, the bail, could not have been misled. He could not have supposed that the execution was returnable in October, more than a year from its date. And, it may be added, that any other construction than that adopted by the court, would be subversive of the whole design of the notice. And in *Rogers* v. *Farnham*, 5 Foster's Rep. 511, the same principle was applied. Upon an attachment of goods, the summons was returnable "*on the third Tuesday of August instant.*" It was served August 2d, but had no date. It was held the process must be construed as returnable at the next court after the service. The court being of opinion that the defendant could not be misled by the defect, the ordinary understanding of such a paper being that it was returnable at the court holden in the same month in which the service was made.

It seems by the U. S. Digest, vols. 3, 5, 9, Title, Writs, that the same principle, as to the word *next*, has been adopted in *Gibson* v. *Laughlin*, Min. 378; *Posey* v. *Franklin*

*Branch,* 2 McMul. 338; *Findley* v. *Ritchie,* 8 Port. 452; *Dandridge* v. *Stevens,* 2 S. & M. 723; *Winston* v. *Miller,* 2 S. & M. 550; *Murphy* v. *Williams,* 1 Pike 376.

The only case we have found which more nearly approaches the present is *Tillson* v. *Rowley,* 8 Greenl. 163, cited for the defendant. In a complaint for bastardy, dated November 7, 1829, the child was alleged to be begotten on the 11th of April, without the word· *last,* or in any way stating the year, and it was held to refer to April next preceding. It was said by the court that " it was impossible to mistake what April was intended. When a month is referred to it will be understood to be of the current year, unless from the connection it is apparent that another is intended." This case was cited with approbation in *Nettleton* v. *Billings,* and seems to us entirely sound. It is agreeable to the common understanding of language in such cases, and in accordance with the spirit of the decisions of this court. The principle stated is decisive of this case. April is to be construed as April next, and the writ is, therefore, valid, and there must be

*Judgment for the defendant.*