## SPEARE v. STONE.

(Circuit Court of Appeals, First Circuit. February 6, 1912.)

No. 934.

1. PROCESS (§ 163*)—AMENDMENT OF WRIT—DEFECTS AMENDABLE.

Where a summons dated July 16, 1908, was returnable "on the first Tuesday of October next," but was not served until May 10, 1909, for want of opportunity, and the return date was not changed, the Circuit Court, on a plea to the jurisdiction on the ground that the writ as served required defendant to appear on a date that was past, was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

authorized to grant an amendment of the writ by inserting the date of actual service, under Rev. St. § 948 (U. S. Comp. St. 1901, p. 695), authorizing the Circuit Court at any time in its discretion to allow an amendment of any process returnable to or before it, where the defect has not prejudiced and the amendment will not injure the party against whom the process issues. Putnam, Circuit Judge, concurring in result.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 224–238; Dec. Dig. § 163.*]

2. PROCESS (§ 63*)—TIME FOR SERVICE—EXPIRATION—NEW WRIT.

Where a summons dated July 16, 1908, and returnable on the first Tuesday of October next, was not served, for want of opportunity, until after the return day had passed, plaintiff's attorney had power to direct its use as a new writ for service thereafter returnable to a new return date, operating to commence a new suit, since the date of service fixes the time of the institution of the suit, rendering of little consequence the fact that the sheriff failed to change the date of the writ before service. Putnam, Circuit Judge, concurring in result.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 71–75; Dec. Dig. § 63.*]

3. WITNESSES (§ 405*)—CONTRADICTION—MATERIAL MATTER.

Where defendant denied that his automobile struck plaintiff's wagon, and to prove the same offered evidence that the mud guard of the machine was of veneered wood, highly varnished, and on examination after the alleged accident showed no sign of injury, and that the mud guard projected forward further than the wheel, and also attempted to support such evidence by showing that the mud guard of his present machine, of the same make as the one involved in the accident, extended over the wheel, he thereby made the construction of the mud guard of his present automobile a material matter, and evidence contradicting him as to such construction was admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1273, 1275; Dec. Dig. § 405.*]

In Error to the Circuit Court of the United States for the District of New Hampshire.

Action by George H. Stone against Lewis R. Speare. Judgment (175 Fed. 584) for plaintiff, and defendant brings error. Affirmed.

Allen Hollis (William W. Thayer and Streeter, Demond & Woodworth, on the brief), for plaintiff in error.

Oliver W. Branch (Oliver E. Branch and Branch & Branch, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. This is a writ of error for review of the rulings of the Circuit Court in an action on the case for personal injuries resulting from a collision between a farm wagon and an automobile near West Concord, N. H., May 10, 1905.

[1] The first question is whether the service of process was sufficient to give jurisdiction of the defendant's person, and whether an amendment of the date of the writ was justified.

The writ was served upon the defendant May 10, 1909, and summoned him to appear at the superior court to be holden at Concord "on the first Tuesday of October next." As the writ was dated July

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

16, 1908, however, a proper legal construction of the document by one familiar with New Hampshire law would support the conclusion that the return term was that next following the date of the writ, i. e., the October term, 1908. Upon such a construction of the contention is that the writ was a nullity, since it commanded the defendant to appear "on a past and impossible date."

The learned judge in the Circuit Court was of the opinion that the defendant must have understood that the plaintiff in serving a writ in May, 1909, returnable at the October term next, intended the October term, 1909, rather than the October term which was a thing of the past, and therefore an impossible return term, and allowed an amendment in the date of the writ, inserting the date of actual service.

It appears upon this record that at the time of service the process was in the hands of the sheriff under instructions of the plaintiff's attorney so to alter it as to make it returnable at some term for which service could be made. Only a change in the date of the writ to make it conform to the actual date of service was necessary to make the return term "October next" mean the coming instead of the past October.

Section 948, Rev. St. (U. S. Comp. St. 1901, p. 695), gives to the Circuit Court discretion to allow an amendment to process where the defect has not prejudiced and the amendment will not injure the party against whom such process issues. The contention that by legal construction the writ when served was returnable at a past term is entirely logical, but does not meet the common sense conclusion of the learned judge that such would not be the natural understanding of the document as a matter of ordinary lay interpretation—nor show that the defendant did not in fact know what was meant and receive full notice.

The defendant is not prejudiced in the sense of the statute by so amending the writ as to make its legal construction conform to that which he would naturally place upon the language. Such an amendment merely deprives him of an artificial ground for saying that he was notified to do an impossible thing—to appear in the past instead of in the future.

The important matters of substance are these: The defendant received notice which he understood, the summons was actually served, and the officer was instructed by the plaintiff's attorney to serve it. Must these substantial facts be overridden by objections to the form of what was done? Must the date of this writ stand unchanged, as a premise from which, if granted, can be drawn an artificial legal conclusion that is contrary to the common sense conclusion that the defendant knew very well what was meant?

It is true that the writ was issued and placed in the hands of the officer on July 16, 1908, for service, and that an attempt was made to attach real estate by leaving a copy with a town clerk, but it appears upon this record that no attachment was made since the defendant had no real estate, and there was no personal service, nor was the writ in fact returned to the October term, 1908. As a pre-

cept returnable at that term it had expired, and the failure to enter the writ amounted to a discontinuance of the suit begun upon July 16, 1908. That suit was no longer pending after the return term 1908.

[2] The defendant in error contends that the motion to amend was not for leave to correct a mistake in the expired writ, but for leave to convert it into a new and unexpired writ. We do not agree, however, that the effect of this was to commence a new suit on the date of amendment, nunc pro tunc as of the day of service, May 10, 1909. It was rather to amend the process served in a new suit. The instruction to make service of the old document, which had not in fact served its purpose, as the precept for service for a future term, was in effect an instruction to begin a new suit. The amendment made the writ conform to the substance of what was done by the plaintiff's attorney in giving instructions, and by the officer in following instructions to make service. The old process paper, which had never performed its intended function, was in substance used as a new writ by authority of the attorneys who had power to so use it.

The fact that the writ was served on a certain date fixes a time of institution of the suit, and renders of little consequence the fact that the sheriff failed to change the date before serving. The service upon a certain date under instructions of the authorized attorney fixes a date for the institution of a new suit.

We are of the opinion that the Circuit Court could in its discretion allow this amendment. Bryan v. Ker, 222 U. S. 107, 32 Sup. Ct. 26, 56 L. Ed. —— (Supreme Court of the United States, November 20, 1911). The amended process conforms to the substance of what was done at the date of service, May 10, 1909. "It is the intention and act combined which in fact constitute the institution of the suit." Cross v. Barber, 16 R. I. 266, 15 Atl. 69, and cases cited.

We are further of the opinion that there was no error in the denial of the defendant's motion for the direction of a verdict in his favor.

There was conflict of testimony as to whether the defendant's automobile struck the plaintiff's wagon. We have carefully read the entire evidence, as well as the argument of the plaintiff in error, but are of the opinion that the court correctly decided that the question was one of fact for the jury. There was sufficient testimony identifying the automobile as the defendant's to require the submission of this issue to the jury.

[3] The final question arises upon the exception to the admission of evidence contradicting the defendant Speare, as to the construction of a Winton automobile owned by him at the time of the trial, and not the Winton automobile involved in the accident.

It was contended for the defendant that as a matter of fact his automobile did not strike the plaintiff's wagon, and to support his contention Speare testified in effect that the mud guard was of veneered wood, thin—perhaps three-eighths of an inch—and highly varnished; that upon a personal examination no sign of injury was

discovered. He testified that the end of the mud guard projected forward further than the wheel.

This evidence had an important bearing upon a vital issue, as it tended to show that it would have been impossible for the wheel of the automobile to strike the wagon without first striking and injuring the veneered mud guard.

The following examination occurred:

"Q. What makes you think that the mud guard extended out flush or more than flush with the outer edge of the wheel?

"A. If it didn't it would not prevent the mud from flying up and back. It would not be properly made.

"Q. You had a Winton machine down in front of the hotel this morning?

"A. Yes, sir.

"Q. With a mud guard on it?

"A. Yes, sir.

"Q. Can you tell how far that extends over the wheel?

"A. That guard goes down over the wheel.

"Q. Extends down—curves down?

"A. Over the wheel.

"Q. It still does not come down flush with the wheel?

"A. Yes, sir; clear over."

The positive testimony as to the projection of the mud guard was thus supported by the statement that his present machine was also so constructed, and that this was the proper construction.

Upon his evidence that both of the machines had this feature the actual construction of his present machine became directly relevant, not only to the reason assigned by him in the first answer above quoted and to the accuracy of his observation and memory of this feature of construction, but to deprive his statement, that the mud guard of his present machine projected in front of the wheels, of any effect as a corroboration of his statement as to the construction of his former machine. The witness having described the two machines as alike in this respect, disproof of his statement as to one was directly and logically relevant as tending to disprove the accuracy of his statement as to the other.

The elaborate discussion of the authorities as to contradiction of evidence given upon collateral matters has no application to the question of the right to contradict a witness as to testimony which bore directly upon the matter in issue.

We find no error in the admission of this testimony.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers costs in this court.

PUTNAM, Circuit Judge. As to the amendment allowed in this case, it was clearly contrary to the settled practice in New Hampshire, as shown in Parsons v. Shorey, 48 N. H. 550. In each case the sheriff had made a return of an attachment of real estate. In the present case there was some evidence that there was in fact no real estate to be attached. Nothing was said about this in Parsons v. Shorey; but this distinction is immaterial, for reasons that we need not stop to explain. However, in Bryan v. Ker (decided November 20, 1911) 222 U. S. 107, 32 Sup. Ct. 26, 56 L. Ed. ——, the

Supreme Court gave an effect to section 948 of the Revised Statutes which, contrary to the general rule provided by the statutes of the United States, overrules the local practice in the particular to which I am referring. This is apparent on turning back to the report of the same case in the Circuit Court of Appeals for the Fourth Circuit (163 Fed. 233, 90 C. C. A. 179), where the lack of the signature of the clerk or deputy clerk to the writ was held not remediable by amendment; the court observing, at page 237 of 163 Fed., at page 183 of 90 C. C. A., that the process issued as it was "had no more legal force and conferred no more legal authority than if it had been issued direct from the office of the proctors." It is true that in Bryan v. Ker the writ was a judicial writ, and not an original writ, as in the case at bar, and also true that the suit was against an officer, who is ordinarily protected in the service of process fair on its face; nevertheless, the Supreme Court made no distinction of this kind. All I can do is to reserve for myself the right to show respect to the wisdom of the learned judges and lawyers who have preceded us, as illustrated by a continuous, uniform practice from time immemorial, to at least such an extent as to in some way protect parties who might be prejudiced by such an amendment, observing that in the present case no such prejudice arose.

I will note, also, that it was fortunate in this case that the officer did not follow the direction of the plaintiff by amending the writ with his own hand, because, under the statutes of New Hampshire, as well as of many, if not all, of the New England states, such an amendment would have rendered the process dead beyond any possibility of resurrection.