Merrimack
No. 84-141

JAMIESON, INC.

v.

COPELAND COATING COMPANY, INC.

February 15, 1985

*Law Offices of Raymond P. D'Amante*, of Concord (*John E. Laboe* on the brief and orally), for the plaintiff.

*Mulvey, Noucas & Sullivan P.A.*, of Portsmouth (*Mark F. Sullivan* on the brief and orally), for the defendant.

BROCK, J. This is an appeal by the defendant, Copeland Coating Company, Inc., from a denial by the Superior Court (*Dickson*, J.) of its motion to vacate a default judgment and rescind execution upon that judgment. We affirm the trial court's denial of the motion to vacate the default judgment but reverse its decision denying rescission of execution on the judgment.

In September, 1982, the plaintiff, Jamieson, Inc., brought an action for breach of warranty against the defendant, alleging a defect in "Latex-ite," a product plaintiff had purchased from the defendant and used during the summer of 1980. Represented by a Massachusetts attorney, the defendant filed an appearance on September 10, 1982. Plaintiff next filed two sets of interrogatories. Defendant was late in answering the first set, and did not respond at all to the second set. On September 19, 1983, the superior court issued a notice of conditional default, and on October 11, 1983, default judgment was entered. *See* SUPER. CT. R. 36. The defendant received copies of these orders. Then, on October 28, 1983, the plaintiff filed an affidavit of damages and taxation of costs, and requested a writ of execution. Defendant was not served with copies of these pleadings.

On December 7, 1983, the superior court, without affording notice to the defendant, held an ex parte hearing, assessed damages and issued a writ of execution. The defendant first became aware on December 9, 1983, of the fact that damages had been assessed and execution on the judgment authorized and filed a motion to strike judgment and rescind execution on December 16, 1983.

Finding that the defendant's actions in this matter constituted clear neglect, resulting in prejudice to the plaintiff, the trial judge denied the motion.

■ It is well established that this court will not disturb a decision denying a motion to strike a default judgment unless the trial court clearly abused its discretion, or erred as a matter of law. *Sununu v. Clamshell Alliance*, 122 N.H. 668, 448 A.2d 431 (1982). Arguing that a clear abuse of discretion has occurred in this case, the defendant claims that the neglect on the part of counsel was due to "accident, mistake or misfortune." He seeks relief under the Preface to Superior Court Rules which allows the court to "take action as justice may require."

■ The question of whether or not accident, mistake or misfortune has occurred is for the trier of fact, and its finding is conclusive

upon this court, unless unsupported by the evidence. *Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 445 A.2d 1119 (1982).

■ Our review of the record in this case lends little support for the defendant's claim of "unnecessary confusion" caused by the plaintiff's filing of several motions prior to the time when the interrogatories were to be completed. If confused by New Hampshire procedure, defendant's counsel had an obligation to clear up any ambiguities. He did not respond to any notices or filings, including notice of default judgment, for eight months, and then responded only after a telephone call from plaintiff's counsel. Such conduct does not support a finding of "accident, mistake or misfortune," which this court has defined as something outside of one's control, or "something which a reasonably prudent man would not be expected to guard against or provide for." *Pelham Plaza v. Town of Pelham*, 117 N.H. 178, 370 A.2d 638 (1977) (quoting *Lewiston v. Standard Historical Soc'y*, 133 Me. 77, 79, 173 A. 810, 812 (1934)).

■ Although a default judgment is a harsh sanction, it nonetheless should stand, even where there may be a defense to the claim, if the defaulted party's own neglect and failure to respond or assert his rights resulted in the prejudice claimed. *See Audit Services v. Kraus Const., Inc.*, 615 P.2d 183 (Mont. 1980) (citing *Johnson v. Matelich*, 163 Mont. 329, 335, 517 P.2d 731, 734 (1973)).

The defendant next claims that the trial court erred, both in failing to set aside the assessment of damages and in denying its motion to rescind the order authorizing execution on the judgment, because no notice of the hearing was sent to the defendant.

Although there is no requirement that notice of a hearing to assess damages be given to a party who has been properly served but has never entered an appearance, we have held that where an appearance has been filed, the defendant must be notified of a hearing for assessment of damages. *Lewellyn v. Follansbee*, 94 N.H. 111, 47 A.2d 572 (1946).

■ Because it is conceded that the defendant was never given such notice in this case, both the assessment of damages and the order authorizing execution upon the judgment must be vacated.

*Affirmed in part; reversed in part; remanded.*

All concurred.