Rockingham
No. 85-071

## CARROLL COUNTY ELDERLY HOUSING ASSOCIATES

v.

## MERRIMAC TILE COMPANY, INC.

December 31, 1985

*Sulloway, Hollis & Soden*, of Concord (*Margaret H. Nelson* on the brief), by brief for the plaintiff.

*McLaughlin & Berrigan*, of Nashua (*Shane A. McLaughlin* on the brief), by brief for the defendant.

## MEMORANDUM OPINION

In December, 1982, the plaintiff brought this action for damages allegedly resulting from the defendant's breach of contract with a third party and from the wrongful mechanic's lien attachment of the plaintiff's real estate. The return date of the writ was erroneously written as the first Tuesday of February, 1982, rather than 1983. The defendant was served but filed no appearance, *see* SUPER. CT. R. 14, and in February, 1983, the superior court found the defendant in default. RSA 514:1.

In October, 1984, before any assessment of damages, the defendant moved to strike the default. The Superior Court (*Gray*, J.) found that the defendant had been served properly but had done nothing for nineteen months, and it denied the motion. We affirm.

██ The trial court may strike a default that has resulted from a defendant's "accident, mistake or misfortune" rather than from neglect. PREFACE, SUPER. CT. RULES; RSA 514:2. The application of this standard is for the trial court in the first instance, and we will not reverse a decision denying a motion to strike a default except for clear abuse of discretion or legal error. *Jamieson, Inc. v. Copeland Co.*, 126 N.H. 101, 102, 489 A.2d 613, 615 (1985).

In the present case the defendant argues that the court erred in refusing to strike the default because the default was erroneously entered in the first instance. The defendant rests this position on the fact that it could not in a literal sense have entered a timely appearance, because the writ erroneously stated a return date that had passed ten months before the plaintiff began the action. The defendant argues that the process was void for this reason and imposed no obligation on the defendant to respond.

██ The defendant is mistaken, however, in assuming that a patent defect in the specification of a return date renders a writ void. Rather, a writ is merely voidable when the return date is vaguely stated, *Kelly v. Gilman*, 29 N.H. 385, 388 (1854), or erroneously stated so as literally to call for a response before the date of service, *see Stone v. Speare*, 175 F. 584 (D.N.H. 1910), *aff'd*, 193 F. 375 (1st Cir. 1912). In such a case, the proper course for the defendant is to file an appearance within the time obviously intended. If he wishes to make an issue of the defect, by filing a timely motion to dismiss, the court may order an amendment of the writ. RSA 514:8; *see Kelly v. Gilman supra*; *Brown v. Ellsworth*, 72 N.H. 186, 187, 55 A. 356, 357 (1903); SUPER CT. R. 30; R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE §§ 314 and 319 (1984).

540

In the present case there is no indication that the defendant was actually misled by the obvious typographical error in the date. Rather, the defendant apparently chose to stake its position on a technical point without support in prior cases. The trial court committed no abuse of discretion, or legal error, in concuding that the defendant's choice to risk default was not the product of "accident, mistake or misfortune" in the sense of resulting from a cause that was outside its control or beyond what a reasonably prudent man would have guarded against. *See Jamieson, Inc. v. Copeland Coating Co.*, 126 N.H. at 103, 489 A.2d at 615; *Fome Associates v. Palmer*, 122 N.H. 985, 986, 453 A.2d 1274, 1275 (1982).

*Affirmed.*