Hooksett District Court
No. 91-567

### NEW ENGLAND CAPITAL CORPORATION

### v.

### THE FINLAY COMPANY, INC.

May 20, 1993

*Leeming & Leeming*, of Concord, for the F.D.I.C. as receiver for the plaintiff, filed no brief.

*Law Offices of K.S. Williams*, of Epping (*Kathryn Swain Williams* on the brief and orally), for the defendant.

THAYER, J.  The defendant, The Finlay Company, Inc., appeals an order of the Hooksett District Court (*LaPointe*, J.) precluding

Christopher Finlay from appearing on behalf of the defendant in post-judgment proceedings. We reverse and remand.

In 1986, the defendant and Prime Financial Group, Inc. entered into a lease agreement for office equipment. Prime Financial later assigned the lease to the plaintiff, New England Capital Corporation. In 1989, the defendant defaulted in its monthly payments under the lease agreement, causing the plaintiff to repossess and sell the office equipment. In 1991, the plaintiff brought suit against the defendant in the district court. After a hearing, the district court awarded judgment in the amount of $4,041.63 for the plaintiff. The plaintiff filed a petition pursuant to RSA 524:6-a (Supp. 1992) to set up periodic payments of the judgment amount. On March 27, 1991, Christopher Finlay, the defendant's president and director, filed a *"pro se"* appearance on behalf of the defendant. The plaintiff moved to strike the *pro se* appearance. The district court granted the plaintiff's request, stating that "Christopher Finlay will not be allowed to represent, appear for or on behalf of the defendant in this matter." The district court made no finding as to whether Christopher Finlay is a citizen of good character. The defendant appeals the district court's order.

The only question we must consider is whether the district court erred in precluding Christopher Finlay from appearing on behalf of the defendant in post-judgment proceedings. RSA 311:7 (1984) expresses the general rule prohibiting the unauthorized practice of law. The statute provides that "[n]o person shall be permitted commonly to practice as an attorney in court unless he has been admitted by the court and taken the oath prescribed . . . ." *Id.* The legislature has provided two exceptions to this general rule allowing legal representation by one who is not duly licensed as a lawyer. Under RSA 311:1 (1984), "[a] party in any cause or proceeding may appear, plead, prosecute or defend *in his proper person* or *by any citizen of good character.*" (Emphasis added.) The "proper person" alternative refers to *pro se* representation and "the direct personal conduct of litigation by a party on his own behalf." *State v. Settle*, 129 N.H. 171, 176, 523 A.2d 124, 127 (1987). The "citizen of good character" alternative allows lay counsel "of good character" to appear in an individual case, although not "commonly" in violation of RSA 311:7.

In precluding Christopher Finlay from appearing *pro se*, the district court ruled that it lacked the discretion to waive New Hampshire District & Municipal Court Rule 1.3(D). Rule 1.3(D) states:

"No person who is not a lawyer will be permitted to appear, plead, prosecute or defend any action on behalf of any other person, unless of good character and until there is on file with the Clerk a properly executed power of attorney signed by the party for whom the person seeks to appear."

In so ruling, the court reasoned that it was "bound" by *State v. Settle supra*, a case in which the defendant sought to represent an unincorporated association of which he was an officer.

In *Settle*, we held that the "proper person" alternative allowing *pro se* representation is inapplicable to both corporations and unincorporated associations. *Id.* at 178–79, 523 A.2d at 128–29. We thus eliminated this alternative as authority for allowing the defendant's appearance. *Id.* As for the "citizen of good character" alternative, we noted that there were two reasons why "no purpose would be served by remanding the case to [the trial] court to consider recasting [its] order to rest on the good character option." *Id.* at 179, 523 A.2d at 129–30. First, the "citizen of good character" provision represented only a theoretical possibility because the defendant in that case possessed a "demonstrably bad character." *Id.* at 179, 523 A.2d at 130. Second, we explained that the good character exception does "not provide a blanket exception allowing lay counsel to file appearances as a matter of course, which is what the defendant candidly admit[ted] that he wishe[d] to do . . . ." *Id.* at 180, 523 A.2d at 130.

■ Accordingly, under both RSA 311:1 and *Settle*, a citizen of good character may appear on behalf of a corporation. The contrary interpretation by the district court cannot be upheld. Our holding in *Settle* is not in conflict with Rule 1.3(D). Assuming that Christopher Finlay is a citizen of good character, he could represent the defendant once he has complied with the requirements of Rule 1.3(D). Additionally, we note that Christopher Finlay, unlike the defendant in *Settle*, does not intend to appear "commonly" in violation of RSA 311:7. We remand this case to the district court for its determination of whether Christopher Finlay meets the requirements necessary to allow him to appear on behalf of the defendant in the post-judgment proceedings.

*Reversed and remanded.*

All concurred.