Rockingham
No. 91-134

JAMES E. MORRISS

v.

TOWLE HILL ASSOCIATES, INC.

May 16, 1994

*Shaines & McEachern, P.A.*, of Portsmouth (*Jonathan S. Springer* on the brief and orally), for the plaintiff.

*Pudloski & Lane, P.A.*, of Exeter (*Paul R. Pudloski* on the brief and orally), for the defendant.

HORTON, J.   A default judgment was entered against the defendant, Towle Hill Associates, Inc. (THA), by the Superior Court (*Hollman, J.*) in the amount of $44,325. The defendant appeals, arguing: (1) that the Superior Court (*Gray, J.*) abused its discretion in denying THA's motion to strike default; (2) that the Superior Court (*Hollman, J.*) erred when it ruled that an appearance entered on behalf of THA by its president was of no effect; and (3) that it was denied due process and fundamental fairness when the default judgment was entered without notice or opportunity for hearing after an appearance had previously been filed. We affirm in part and reverse in part.

The plaintiff, James E. Morriss, purchased a newly constructed home from THA and subsequently instituted suit seeking damages for alleged defects in its construction. The writ of summons was served at the home of Martin Ferwerda, the president of THA, on October 12, 1990. Ferwerda contacted his attorney and informed him that the writ was returnable the first Tuesday of December; in light of this information, the attorney advised him that it was necessary to file an appearance by December 4, 1990. The writ, however, was in fact returnable the first Tuesday in November, and a default was entered on November 15, 1990. Ferwerda filed a *pro se* appearance on behalf of THA on December 4, 1990, and mailed a copy to the plaintiff's counsel. The plaintiff then filed an affidavit of damages on December 31, 1990, which the defendant alleged was not mailed to Ferwerda.

On January 3, 1991, the plaintiff filed a motion for entry of final judgment and award of attorney's fees and mailed a copy of the motion to Ferwerda. On January 8, the court issued a default judgment for the plaintiff in the amount of $44,325 plus interest and costs. The defendant was advised of the default judgment on January 10.

On January 14, 1991, the defendant's attorney filed both an appearance on behalf of the defendant and a motion to strike default and vacate judgment. The motion was denied on January 23, 1991. On January 28, 1991, the defendant filed a motion to reconsider, together with an affidavit of defense, which was denied by order of the Court (*Gray*, J.) on February 6, 1991. The Court (*Hollman*, J.) also denied the plaintiff's motion for attorney's fees on February 8, 1991. In denying the plaintiff's motion, the trial court stated:

> "On another subject, the court notes that in Martin Ferwerda's affidavit, attached to defendant's motion to reconsider denied by Judge Gray on 2-6-91, the statement is made in Paragraph 17 that, 'since defendant had filed a pro se appearance on December 4, 1990, it was a mistake for the Court to have defaulted THA on January 8, 1991.'
>
> Since this Judge made the order of January 8, 1991, it is appropriate for him to address the matter of the alleged mistake. Even if the court had been aware of the 'pro se appearance,' it would have regarded it as having absolutely no effect, since a corporation may only appear through an attorney authorized to practice law. *State v. Settle*, 129 N.H. 171 (1987)."

■ We address first the defendant's argument that the court abused its discretion by denying THA's motion to strike default and

vacate judgment. Our standard of review is well settled: "The decision to strike a default is within the trial court's discretion and will not be disturbed unless the court clearly abused its discretion or erred as a matter of law." *Lachapelle v. Town of Goffstown*, 134 N.H. 478, 479, 593 A.2d 1152, 1153 (1991) (quotation omitted). Superior Court Rule 14 provides in relevant part that "if the defendant shall neglect to enter an appearance within seven days after the return date of the writ, he shall be defaulted, and judgment shall be rendered accordingly . . . ."

The defendant contends that its failure to file an appearance was due to mistake; namely, Ferwerda's belief that the return date was in December rather than November. Specifically, the defendant seeks redress under the preface to the Superior Court Rules, which states that "[r]elief from failure to comply with the provisions of any rule may be granted on such terms as the Court may order, where, due to accident, mistake or misfortune and not through neglect, justice so requires."

■■ "The question of whether or not accident, mistake or misfortune has occurred is for the trier of fact, and its finding is conclusive upon this court, unless unsupported by the evidence." *Jamieson, Inc. v. Copeland Coating Co.*, 126 N.H. 101, 102–03, 489 A.2d 613, 615 (1985). The record supports the trial court's denial of defendant's motion. We have defined "accident, mistake or misfortune" as "something outside of one's control, or something which a reasonably prudent man would not be expected to guard against or provide for." *Id.* at 103, 489 A.2d at 615 (quotation omitted). The defendant's failure to properly file an appearance was due to nothing more than its own neglect. The writ clearly bore a return date of November. While Ferwerda may very well have misread the writ concerning the return date, and so informed his attorney, his actions were wholly within his own control. Accordingly, the court did not abuse its discretion in refusing to strike the default.

The question then becomes whether or not the defendant was entitled to notice and an opportunity to be heard before damages were assessed. We must decide if Ferwerda properly appeared on behalf of the defendant, or whether, as the plaintiff asserts, the appearance was invalid because it was filed in an untimely manner and on behalf of the defendant corporation by a non-attorney officer.

"[T]here is no requirement that notice of a hearing to assess damages be given to a party who has been properly served but has *never* entered an appearance." *Id.* (emphasis added). However, "we have held that where an appearance *has* been filed, the defendant must be

notified of a hearing for assessment of damages." *Id.* at 103, 489 A.2d at 615 (emphasis added). We conclude that when a party enters an otherwise valid appearance, albeit late, the superior court should afford notice to that party when a hearing for assessment of damages is scheduled. The question remains whether THA's belated appearance, filed by Martin Ferwerda, a corporate officer, was valid.

█ In light of our holding in *New England Capital Corp. v. The Finlay Co., Inc.*, 137 N.H. 226, 624 A.2d 1358 (1993), we answer this question in the affirmative. In *New England Capital Corp.*, we held that under both RSA 311:1 (1984) and *State v. Settle*, 129 N.H. 171, 523 A.2d 124 (1987), a citizen of good character who does not intend to appear "commonly" may appear on behalf of a corporation. *New England Capital Corp.*, 137 N.H. at 228, 624 A.2d at 1359. Accordingly, in this case, the trial court erred in regarding Ferwerda's appearance "as having absolutely no effect, since a corporation may only appear through an attorney authorized to practice law." We hold, therefore, that even though a default was properly entered in this case, the defendant, who subsequently filed an admittedly untimely appearance, is entitled to notice from the court as to assessment of damages and an opportunity for a hearing. *See* SUPER. CT. R. 58; R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1099, at 23 n.38 (Supp. 1993).

As the trial court relied on its interpretation of *Settle* to nullify the defendant's appearance, the court never assessed whether Ferwerda met the requirements recently announced by this court in *New England Capital Corp.* On remand, if Ferwerda has not already done so, he must forthwith comply with the requirements of Superior Court Rule 14. *See New England Capital Corp.*, 137 N.H. at 228, 624 A.2d at 1359 (requiring compliance with analogous District & Municipal Court Rule 1.3(D)). Furthermore, if Ferwerda seeks to appear on behalf of the defendant for the remainder of these proceedings, the trial court must assess whether his appearance would violate RSA 311:1 or :7 (1984).

We also note that the plaintiff's motion for entry of final judgment and award of attorney's fees was filed on January 3, 1991. The court issued the final judgment and its order assessing damages on January 8, only five days later. Superior Court Rule 58 allows an opposing party ten days in which to object to a motion. While the swift administration of justice is a laudable goal, the court's action contravenes Rule 58, as, at the very least, the court should have waited ten days

from the filing of the motion for entry of final damages prior to acting.

In conclusion, we affirm the trial court's denial of the defendant's motion to strike default. The defendant was entitled to notice on the issue of damages and an opportunity for a hearing on damages. Consequently, we reverse the entry of final judgment and remand for further proceedings consistent with this opinion.

*Affirmed in part; reversed in part; remanded.*

All concurred.