Allied v. Herrmann                    CV-95-535-M    12/15/95
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Allied Electronic Services, Inc.;
and Leonard Appell,
      Plaintiff,

      v.                                        Civil No. 95-535-M

Stefan Herrmann; Peter Heidenfelder;
Bonacura, Inc.; Visicom GMBH;
Heidenfelder GMBH; Kiuchi Okamoto a/k/a
Kenneth Okamoto; Konamatsu USA, Inc.;
S. Laurence Shaiman; Noe Ellen Sabal;
Cable Corp., Inc.; and Tom Young


                              O R D E R


      Before the court is the Magistrate Judge's Report and

Recommendation, recommending that plaintiffs' complaint be

dismissed because the corporate plaintiff has not complied with

an order of the court directing it to obtain legal

representation.  None of the parties has objected to the Report

and Recommendation in the time allowed.


      With regard to plaintiff Allied Electronic Services

("Allied"), the court adopts the findings of fact and rulings of

law set forth in the Magistrate Judge's Report and

Recommendation.  Although New Hampshire law provides that "a

citizen of good character [who is not licensed to practice law]

may appear on behalf of a corporation" in state court, New

England Capital Corp. v. Finlay Co., 137 N.H. 226, 228 (1993), the law in this circuit is, as noted by the Magistrate Judge, clear: in <u>federal</u> court a corporation may be represented exclusively by a licensed attorney. <u>See, e.g.</u>, <u>American Metals Srvc. Export v. Ahrens Aircraft</u>, 666 F.2d 718, 719 n.2 (1st Cir. 1981) ("A corporation may be represented in court only by qualified counsel"); <u>In re Las Colinas Dev. Corp.</u>, 585 F.2d 7, 11-12 (1st Cir. 1978) (same) (citing, <u>In re Victor Publishers, Inc.</u>, 545 F.2d 285, 286 (1st Cir. 1976)).

Although the Report and Recommendation is factually supported and legally correct (and submitted without objection by any party), it does not specifically address the basis upon which the claims of pro se plaintiff Leonard Appell should be dismissed. Accordingly, a brief discussion of that issue is warranted.

In their complaint, plaintiffs allege that Appell is the President and 50% shareholder of Allied. However, the complaint fails to allege any facts from which the court could infer that Appell has sustained any injury as a result of defendants' alleged wrongdoing <u>independent</u> of the alleged injury to Allied. Stated differently, plaintiffs have failed to allege that Appell suffered any unique harm (i.e., not shared by the corporate plaintiff). Instead, Appell claims that the corporation has been

2

wronged and, as a result, he (as a shareholder and investor) has also been harmed.

Here, the corporation has pursued its legal remedies against the named defendants, so no derivative action would lie. Under these circumstances, Appell is not a real party in interest, see Fed.R.Civ.P. 17, nor does he have standing to piggy-back his claims on top of those of Allied. The general rule, followed by New Hampshire courts and applicable in this case, is that shareholders do not have authority to bring an action to redress an injury to the corporation. Appeal of Richards, 134 N.H. 148, 155, cert. denied, 502 U.S. 899 (1991). See Bolivar v. Pocklington, 137 F.R.D. 202, 205 (D.P.R. 1991) ("A stockholder of a corporation has no personal right to claim as his own the cause of action arising from an injury to the corporation.") aff'd, 975 F.2d 28 (1st Cir. 1992); see also Arent v. Distribution Sciences, Inc., 975 F.2d 1370, 1372 (8th Cir. 1992) ("Minnesota adheres to the general principle that an individual shareholder may not assert a cause of action which belongs to the corporation.); In re Sunrise Securities Litigation, 916 F.2d 874, 880 (3rd Cir. 1990) ("Under Florida law, a shareholder may bring an individual action for injuries suffered directly by the shareholder that are separate and distinct from injuries to all other shareholders. . . . a shareholder does not have an individual cause of action for damages that result from injury to the corporation.").

3

Here, Appell has not alleged a direct, unique injury as a result of defendants' alleged wrongdoing. Accordingly, he lacks standing to pursue his claims (which are really claims of the corporation) and they too must be dismissed.

## Conclusion

For the foregoing reasons, the court accepts the Magistrate Judge's Report and Recommendation dated November 22, 1995 (document no. 6) and the case is dismissed.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

December 15, 1995

cc:  Allied Electronic Services, Inc.
     Leonard Appell
     Stefan Herrmann
     Peter Heidenfelder
     Bonacura, Inc.
     Heidenfelder Gmbh
     Konamatsu USA, Inc.
     Anne S. Duncan Cooley, Esq.
     Jennifer A. Eber, Esq.
     Noe Ellen Sabal
     Cable Corp., Inc.
     Tom Young

4