Carroll
No. 94-594

GLEN CONDOMINIUM AT LINDERHOF ASSOCIATION *& a.*

v.

JAMES ROSATTO *& a.*

February 12, 1996

*Orr & Reno, P.A.*, of Concord (*Cordell A. Johnston* on the brief and orally), for plaintiffs Francis R. and Deborah M. Collins and Glen Condominium at Linderhof Association.

*Hadlock Law Offices, P.C.*, of Boston, Massachusetts (*Karen Schultz Breda* on the brief and orally), for defendant James Rosatto.

*Thomas E. Indelicato, pro se*, filed no brief.

BROCK, C.J. Defendant James Rosatto appeals from several Superior Court (*Mohl*, J.) orders entering judgment in favor of plaintiffs Francis R. and Deborah M. Collins and Glen Condominium at Linderhof Association (owners' association) for defective construction of certain condominiums. We affirm.

The procedural history of this case may be summarized as follows. These two consolidated cases in the superior court arose out of the sale of several condominium units by defendant Glen Condominium Development Corporation (development company), defendant Thomas E. Indelicato, and Rosatto to the Collinses and to the individual members of the owners' association in 1983. The various plaintiffs filed suit in 1983 and 1984. In May 1991, the court entered default judgments against defendants Indelicato and the development company.

Some time later, Rosatto moved for clarification regarding damages to be assessed in the two cases. Rosatto contended that he was not in partnership with the development company, as the plaintiffs had alleged, and that even if there was such a partnership, he had a right to have his liability adjudicated separately. In May 1993, the court ruled that if Rosatto and the development company were partners, Rosatto would be jointly and severally liable with the development company "for claims arising out of the ordinary course of business of the partnership to the extent the [development company was] defaulted." (Quotation and citation omitted.) The court then reviewed the history of the cases to that point and concluded that "there ha[d] been no determination by the Court on the merits that Rosatto and the [development company] were partners in the . . . project."

The court held an evidentiary hearing on that issue in July 1993. The sole purpose of the hearing, as stated by the trial court, was "to determine if James Rosatto and [the development company] . . .

were partners in the project." In its August 1993 order, the court characterized Rosatto's argument against such a conclusion in this way: "Mr. Rosatto asserts that he was in partnership with Thomas Indelicato individually, and not with the [development company] of which Indelicato was president." After making extensive findings of fact, the court held that Rosatto was in partnership with the development company, and that, accordingly, Rosatto was jointly and severally liable with the development company. The court then ordered that a hearing be scheduled "on damages."

The court issued its order "on damages" on March 23, 1994 (the March order). The first paragraph of the March order states:

> In an order dated August 2, 1993, the Court determined that the defendant *Thomas* Rosatto was liable to the plaintiffs on account of the default entered against a partner, [the development company] on July 19, 1990. *See Order* dated August 2, 1993. The Court scheduled the matter for a hearing on the assessment of damages and the Court held a hearing on damages over two days, January 24th and 25th, 1994. The Court finds that it is not necessary to view the property to decide this case.

(Emphasis added.) The court concluded by declining "to rule on defendant's 'liability' requests [for findings and rulings] since the defendant has been defaulted and the Court only considers the question of damages sustained." Rosatto was the only defendant who participated in the hearing.

Rosatto moved for reconsideration. In his motion he disputed essentially every finding made by the trial court. Included in the motion was a paragraph under the heading, "Clerical Errors," which asked, "Who is the *Thomas* Rosatto referred to in line two of this Court's March 23, 1994 order?" (Emphasis added.) In the conclusion section of the motion, Rosatto argued that the trial court was in error when it

> awarded approximately $175,000 to the Plaintiffs. This Court found *Rosatto* to be liable for the same based upon its erroneous conclusion that a determination had already been made as to his liability despite the fact that this Court has not yet determined to date that the . . . partnership was eve[r] sued, or defaulted, or otherwise liable . . . which is a necessay prerequisite to the automatic imputation of partnership liability.

(Emphasis added.) The court denied Rosatto's motion on May 31.

In June, the plaintiffs moved for entry of judgment against all defendants in the cases, including Rosatto. The trial court granted the motion for entry of judgment against Indelicato and the development company on July 15, 1994. On July 27, 1994, the court issued another order (the July order), in which it declined to rule on the plaintiffs' motion for entry of judgment against Rosatto, finding it to be "moot" based on the March order. In the July order, the court referred to having ruled against "defendant *James* Rosatto" (emphasis added) in the March order. Rosatto filed his notice of appeal in this court on August 31, 1994.

On appeal, Rosatto contends that the March order was not effective against him until it was "clarified" by the July order. He argues that, until the July order which referred to *James* Rosatto, he "reasonably believed that there was no valid decision on the merits to appeal." Hence, because his notice of appeal from the July order was timely filed, he asserts that he is entitled to argue the merits of the March order on this appeal. To decide whether Rosatto may argue the merits of the March order, we must determine whether it was effective against him when issued, or when "clarified," as he contends, by the July order.

■ As our description of the sequence of events in the superior court makes plain, there could have been no doubt in Rosatto's mind that the March order applied to him. A review of *Rosatto's actions* after the March order was issued indicates that there was no mistake regarding the applicability of the March order. As we have stated, on April 7 Rosatto filed a motion to reconsider, *both* on the merits of the March order *and* in regard to the alleged ambiguity of its reference to "Thomas Rosatto." He stated in the conclusion section of his motion that the trial court had "found Rosatto to be liable for the same," with "the same" referring to the amount awarded to the plaintiffs in the March order. The Collinses also filed a motion to reconsider. The appeal period began to run from the March order on June 6, the date of the clerk's written notice of the court's denial of the parties' respective motions to reconsider, and expired on July 6. *See* SUP. CT. R. 7(1); *Petition of Ellis*, 138 N.H. 159, 161, 636 A.2d 62, 63 (1993).

■ On July 7, *one day* after the expiration of the appeal period, Rosatto's trial counsel moved to withdraw, stating that he had

> drafted a Notice of Appeal in [the cases] which [Rosatto] has decided not to file, and the appeal period has now expired. Said cases are for all intents and purposes therefore over for Rosatto, excepting only [the plaintiffs'] efforts to satisfy their respective judgments.

In an affidavit filed with this court in response to the plaintiffs' motion for summary affirmance, Rosatto stated that

> [i]n early July, 1994, my former attorney . . . sent a draft notice of appeal to me for my approval. Because [he] could not explain why the Findings and Award against *Thomas* Rosatto should apply to me and could not answer many other questions, I saw no reason to incur the costs of an appeal.

Rosatto's only basis for filing his appeal on the merits almost two months later is his asserted misunderstanding of the applicability of the March order. We find this asserted misunderstanding to be improbable. There was no ambiguity in the March order which would entitle Rosatto to any extension of the thirty-day appeal period provided for in Supreme Court Rule 7. *Cf. Carroll Cty. Elderly Housing Assoc's v. Merrimac Tile Co.*, 127 N.H. 538, 540, 503 A.2d 817, 818 (1985) (where no indication that defendant was actually misled by obvious typographical error in writ's return date, choice to risk default not the result of "accident, mistake or misfortune"). To the extent that it is from the merits of that order, his appeal is untimely.

Rosatto contends that he is entitled to appellate review of his arguments on the merits under the due process protections of the State and Federal Constitutions. *See* U.S. CONST. amend. XIV; N.H. CONST. pt. I, art. 15. This argument, although framed constitutionally, is another way of stating Rosatto's claim that he was unaware that the March order was meant to be effective against him until the July order's "clarification" gave him "notice" to that effect. Viewed most favorably to Rosatto, we perceive this as a collateral attack on the March order. *Cf. First Hawaiian Bank v. Weeks*, 772 P.2d 1187, 1191 (Haw. 1989) (party may attack a judgment collaterally only for want of jurisdiction, not for mere error or irregularity); *Department of Public Works & Buildings v. Gieseking*, 246 N.E.2d 707, 709 (Ill. App. Ct. 1969) (even though judgment entered failed to designate parties for and against whom it was rendered, remedy was not new trial, but rather correction of defect). We discern no merit to this argument once we have concluded that Rosatto knew or should have known of the applicability and effectiveness of the March order. *See Janove v. Bacon*, 128 N.E.2d 706, 709 (Ill. 1955); *Department of Public Works & Buildings*, 246 N.E.2d at 709.

662

The plaintiffs have requested their attorney's fees for this appeal. SUP. CT. R. 23. We conclude that this is not an appropriate case for the award of attorney's fees under this rule.

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.