Coos,
No. 4442.

LILLIAN M. SAMPSON, *Trustee*

*v.*

ARTHUR J. CONLON.

Submitted December 7, 1955.
Decided December 31, 1955.

*George H. Keough* for the plaintiff.

*Hamblett, Moran & Hamblett* for the defendant.

GOODNOW, J. The first issue raised by the defendant's motion relates principally to RSA 510:8 which provides in part: "when the defendant is not an inhabitant of the state, and no mode of serving the writ is prescribed, or service thereof cannot be made in the mode prescribed, the action may be entered in court and such notice ordered as the case requires." Section 4 of the same chapter

provides: " If the defendant is not an inhabitant of the state, and the writ is not served on him in person within the state, but his goods or estate are attached, an attested copy of the writ and of the return of the attachment may be given to him, or left at his abode outside the state, or may be left with the agent authorized to appear for him, or with his tenant on or near the land attached."

It is the defendant's contention that section 4 prescribes four "mode[s] of serving the writ"; that it does not appear in this case that "service thereof cannot be made in the mode prescribed"; and that consequently, no authority existed to permit the entry of the action in court under section 8 or the issuing of an order of notice by the court.

It is not a requirement to the entry of an action under section 8 that each of the modes of service provided by section 4 be first exhausted. The plaintiff in this action was no more required to furnish evidence that a diligent search for the defendant had been made in the state where he was alleged to have last resided, as suggested by the defendant, than to show the impossibility of serving upon an "agent authorized to appear for" the defendant or upon "his tenant on or near the land attached." While the writ recites the "last known residence" of the defendant to have been in Massachusetts, it describes him as being "of parts unknown," thereby indicating that service could not be made upon him outside the state, either in hand or by leaving "at his abode." In addition, the sheriff who attached the defendant's real estate in this state made a return of *non est inventus*. It has long been a settled construction of section 8 that this is sufficient evidence to permit the entry of an action and the issuance of an order of notice by the court. *Clark* v. *Bradstreet*, 99 N. H. 55, 57; *Therrien* v. *Scammon*, 87 N. H. 214, 215; *Burney* v. *Hodgdon*, 66 N. H. 338, 339.

The order of notice directed the plaintiff to notify the defendant of the pendency of the action by causing certified copies of the writ, the return thereon and the court order "to be given or sent by mail in a registered letter to, or left at the last and usual place of abode of said defendant." See RSA 514:3. If the plaintiff chose to make service by registered mail, this order did not require that copies of the enumerated documents be sent to "the last and usual place of abode" of the defendant, as claimed by him, but only that they be "sent by mail in a registered letter to . . . said defendant." This the plaintiff did.

The defendant did not personally receipt for the registered mail letter which was sent to him "c/o Harvard Club, 374 Commonwealth Ave., Boston, Massachusetts" but the return receipt "showed the name of Arthur J. Conlon 'by' an agent whose name is not legible." Whether the agent's signature was legible or illegible, this was sufficient service upon the defendant in this case to meet the requirements of due process. The defendant owned real estate in this state which had been attached. His whereabouts, while unknown to the plaintiff, was evidently known at the Harvard Club. Delivery of the letter to someone at that address who was willing to accept it and receipt therefor in the defendant's behalf was as reasonably certain to inform the defendant of the pending action as the circumstances of the case permitted. *Mullane* v. *Central Hanover Trust Co.*, 339 U. S. 306, 314.

The defendant's motion should be denied.

*Remanded.*

All concurred.