Hillsborough
No. 6797

Lois M. Fillmore v. Edward H. Fillmore

April 30, 1974

*Devine, Millimet, Stahl & Branch (Mr. Shane Devine* orally) and *Velishka & Kozlowski* for the plaintiff.

*James A. Connor,* by brief and orally, for the defendant.

KENISON, C.J. The issue in this case is whether the trial court properly dismissed this action on the ground that the Middlesex County Probate Court of Massachusetts lacked jurisdiction over the defendant under Mass. Gen. Laws ch. 223, § 34, to issue an execution on a divorce decree granted by the Massachusetts court. The plaintiff, a Massachusetts resident, filed the action in the Hillsborough County Superior Court against the defendant, a New Hampshire resident, on a judgment for an amount of $17,414 remaining unpaid under a divorce decree. The defendant filed a motion to dismiss for lack of jurisdiction on the ground that he received no notice of the Massachusetts proceeding on which the execution was issued. The Trial Court (*Batchelder*, J.) granted this motion, subject to the plaintiff's exception, and reserved and transferred all questions of law raised by these proceedings.

The plaintiff was ordered by the Middlesex County Probate Court to send notice of the proceeding relative to the execution on the divorce decree by way of certified letter. The plaintiff sent a certified letter, dated March 12, 1970, containing notice of the proceeding to the defendant at his address in Amherst, New Hampshire. The letter was returned undelivered on March 30, 1970, because the defendant had not picked it up despite three notices from the post office that the letter was being held for him. Nevertheless, the plaintiff's former attorney certified compliance with the probate court's order, and on that basis the execution was approved on April 6, 1970, without the defendant being present.

The trial court was advised by the defendant's expert on Massachusetts law that notice for a divorce proceeding is controlled by the general statutes on court procedure in Mass. Gen. Laws chs. 223 and 227. Attention was drawn to Mass. Gen. Laws ch. 223, § 34 which reads in part that "If the defendant is out of the commonwealth . . . and no personal service is made on him . . ., he shall, in addition to the service herein prescribed, be entitled to further notice of the action" and to Mass. Gen. Laws ch. 227, § 7 which provides that "the court, upon suggestion thereof by the plaintiff, shall order the action to be continued until notice of the action is given in such manner as it may order." On the basis of

these statutes, the trial court determined that the defendant had not received adequate notice.

We agree with the trial court that this action should be dismissed. It is undisputed that the defendant did not receive the certified letter giving notice of the Massachusetts proceeding, and thus service was not completed in accordance with the court's order. *See* Mass. Gen. Laws ch. 215, § 46. The plaintiff should have attempted to notify defendant by alternative means when it became apparent that he had not received the letter. Note, *Constitutional Law: The Validity of Service of Process by Mail When There Is No Return Receipt: The Outer Limits of Due Process,* 25 Okla. L. Rev. 566, 569-70 (1972); *see Kolodny v. Khoury,* 38 Mass. App. Dec. 226, 230-31 (1967); Mass. Probate Court Rule 8; Note, *Constructive Service in New England,* 38 B.U.L. Rev. 268, 272-73 (1958). Our courts have long recognized the doctrine, founded on principles of justice and equity, that "a judgment ought not to pass against any man in any proceeding without notice, and an opportunity to show cause against it." *Currier v. Gilman,* 55 N.H. 364, 370 (1875); *see* RSA 510:8; *cf. Sampson v. Conlon,* 100 N.H. 70, 119 A.2d 707 (1955). Accordingly, the order is

*Plaintiff's exception overruled.*

All concurred.