Colebrook District Court
No. 89-353

EDWARD NASH & SONS, INC.

v.

CHUCK R. STARBIRD

March 9, 1990

*Edward F. Nash*, of Colebrook, for the plaintiff, filed no brief.

*Wiggin & Nourie*, of Manchester (*Dort S. Bigg* and *Stephanie A. Bray* on the brief), by brief for the defendant.

BATCHELDER, J. The defendant, Chuck Starbird, appeals a default judgment entered against him in Colebrook District Court (*Miller*, J.) and a subsequent denial of his motion to set aside the default. Defendant was given statutory notice of the filing of plaintiff's civil claim, *see* RSA 514:14, in which he entered an appearance, and of the date of the hearing; consequently, we affirm the district court's rulings.

The plaintiff, Edward Nash & Sons, Inc., filed a small claim complaint alleging that the defendant owed it money for the purchase of construction equipment. The return date was May 3, 1989. On May 2, 1989, the defendant mailed a letter to the district court entering his appearance and contesting the claim. In response, the district court issued a notice of hearing, scheduling it for June 7, 1989. This date was more than two weeks after the defendant's response of May 2, thereby giving him more than the two-week time period to which he was entitled under the applicable court rule between the dates of his response and the hearing. DIST. & MUN. CT. R. 4.9.

Notice of the hearing date was sent by certified mail on May 11, 1989, return receipt requested, to defendant at his address in Auburn, Maine. On May 31, 1989, the certified mail notice was returned to the district court bearing the annotation "unclaimed." According to the defendant, a construction worker who spends extended periods of time traveling, he was not readily available to retrieve the certified letter from the post office. Without again attempting to contact the defendant, the district court held a hearing on the merits on June 7, 1989. Defendant did not appear, and a default judgment was entered for the plaintiff. Defendant filed a motion on June 27, 1989, less than three weeks after the default was entered, to have it set aside. The motion was denied, and defendant now appeals to this court.

The defendant contends that the district court violated his fundamental right to notice of actions pending against him, and an opportunity to be heard in his defense, with the entry of a default judgment after notice of the hearing was returned unclaimed. By sending the notice via certified mail, instead of ordinary mail as District Court Rule 4.9 requires, *see infra*, the court obligated itself, according to the defendant, to make a reasonable effort to further the purposes of sending notice by certified mail (namely, assuring delivery and obtaining written proof of receipt) through other methods of delivery authorized under the applicable court rule. The defendant also argues that the trial court erred as well in denying his timely motion to set aside the default, because the default resulted from the trial court's failure to give effective notice and was beyond defendant's control.

Defendant is correct in his assertion that before a default judgment may be entered against him, he is entitled to receive notice of the action to be taken and an opportunity to be heard in his defense. It is settled law that "a judgment ought not to pass against any [person] in any proceeding without notice, and an opportunity to show cause against it." *Fillmore v. Fillmore*, 114 N.H. 303, 305, 319 A.2d 291, 292 (1974) (quoting *Currier v. Gilman*, 55 N.H 364, 370 (1875)); *see Sununu v. Clamshell Alliance*, 122 N.H. 668, 672, 448 A.2d 431, 434 (1982); *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314–15 (1950). However, defendant did have notice, and an opportunity to be heard, in this case. As is evident from his entry of an appearance in the district court through his letter of May 2, in response to the court's notice, he clearly had proper notification of the plaintiff's claim against him.

Moreover, the court complied with the applicable court rule in scheduling and notifying the defendant of the hearing date in the manner it did, after he had entered his appearance and requested to be heard.

> "If the defendant responds by indicating he desires to be heard, ... the case will be scheduled for hearing shortly thereafter, but no sooner than 14 days from the receipt of defendant's response [to notification of the action]. Both parties will be notified by mail of the date and time of hearing."

DIST. & MUN. Ct. R. 4.9. The district court scheduled the hearing for more than two weeks from the time of defendant's response, thereby exceeding the requirements of Rule 4.9. Also, by notifying defendant of the hearing date by certified mail, the court more than

complied with Rule 4.9's "by mail" standard. The cause of defendant's default was not what he attempts to portray as illegal behavior by the trial court, but was actually negligence on his part in failing to apprise himself of the hearing date, of which the court had taken more than the required steps to inform him.

After entering an appearance and requesting a hearing, the defendant neglected to collect his mail from the post office. Although he was apparently busy traveling, this fact is insufficient to relieve the defendant of his obligation, in a situation such as this one, to make himself aware of information which is readily available to him.

> "[I]t is well-settled law that a party to a transaction, where his rights are liable to be injuriously affected by notice, cannot wilfully shut his eyes to the means of knowledge which he knows are at hand, and thereby escape the consequences which would flow from the notice if it had actually been received ...."

*The Lulu*, 77 U.S. 192, 201–02 (1869); *accord Commonwealth v. Olivo*, 369 Mass. 62, 69, 337 N.E.2d 904, 909 (1975); *Conte v. School Committee of Methuen*, 4 Mass. App. Ct. 600, 605, 356 N.E.2d 261, 265 (1976). The defendant had received notice of, and filed an appearance in, a lawsuit in which he stood to lose money. He cannot, by neglecting to retrieve his certified mail, claim he received no notice of the hearing date. As an active party *pro se* in on-going litigation, he had a duty to take reasonable steps to apprise himself of knowledge pertinent to the suit, which he knew was readily at hand through his mail.

■ Because the default was due to the defendant's neglect, rather than an "accident, mistake or misfortune," we will not reverse the trial court's denial of the defendant's motion to set aside the default. *Carroll Cty. Elderly Housing Assoc's v. Merrimack Tile Co.*, 127 N.H. 538, 539, 503 A.2d 817, 818 (1985) (quoting Preface, SUPER. CT. R.; RSA 514:2).

*Affirmed.*

All concurred.