LARRY KOCH & a.

v.

HARLAN E. RANDALL

TOWN OF WINCHESTER

v.

HARLAN E. RANDALL & a.

December 23, 1992

*Upton, Sanders & Smith*, of Concord (*Barton L. Mayer* on the brief and orally), for the plaintiff Town of Winchester.

*Bradley, Burnett & Kinyon, P.A.*, of Keene, for Larry Koch & a., filed no brief.

*Bouchard & Mallory, P.A.*, of Manchester (*Blake M. Sutton* on the brief and orally), for the defendants.

THAYER, J.   The defendants appeal that portion of the Superior Court's (*Hollman*, J.) order which awarded attorney's fees to the plaintiffs. Harlan Randall was named as a defendant in both equity actions, and Joseph Fostyck was named as a defendant only in the suit by the Town of Winchester. The two cases were consolidated for trial in 1991. We affirm.

Defendant Randall owns land adjacent to plaintiff Larry Koch. Randall's house sits in the northeast corner of the 7.7 acre lot in question; the remaining acreage is used for agricultural purposes by defendant Fostyck, who leases Randall's fields to grow corn. In mid-May 1989, a load of chicken manure was delivered and placed in the southeast corner of Randall's land, adjacent to the property line between the Randall and Koch properties. Fostyck testified that for the last five or six years, he had used chicken manure to fertilize the fields. He also testified that he had no control over when or where the manure was delivered.

Koch operates a mobile home park on his neighboring property. He and the park residents complained to the Winchester health officer about the offensive odor of the chicken manure. The health officer informed Randall of his neighbors' complaints and asked Fostyck to plow the manure under and incorporate it into the soil.

The manure was not plowed under. On May 22, 1989, the health officer ordered Randall to remove the manure within twenty-four hours. The order was sent by registered mail to both Randall and Fostyck. Fostyck testified that because of rainy weather conditions, he was unable to plow the manure under until June 1, 1989. Koch brought an action in June 1989 to enjoin Randall from placing manure on his property and to recover attorney's fees.

In the spring of 1990, a similar course of events unfolded. A load of manure was delivered on May 1, placed near the property line between the farm and the mobile home park, and not plowed under

until over a week later. The health officer spoke to both Randall and Fostyck but did not get an immediate response. Fostyck testified that weather conditions prevented him from plowing the manure under. The Town of Winchester filed suit against both Randall and Fostyck on May 8, 1990, seeking injunctive relief.

Koch's 1989 petition was joined with the town's 1990 petition. On the first day of trial, Koch filed a motion *in limine*, in which the town joined orally, asking that the plaintiffs' petitions be taken as confessed because the defendants in both suits never filed answers. The court ruled that "the bills will be taken as confessed to the extent that the Court will consider that there is a nuisance as alleged and the issue which remains is the scope of the remedy and how the remedy should be tailored." Paragraph thirteen of Koch's petition alleged "[Randall]'s placement of the manure and his failure to promptly remove it or plow it under was intentional, and was done for the purpose of harassing the Petitioners and the tenants in Petitioners' park." Koch sought attorney's fees in the petition. The town's petition did not allege intentional conduct on the part of the defendants Randall and Fostyck, but at the hearing the town asserted that it had been forced to seek judicial assistance to secure a clearly defined right and that the defendants refused to accede "to what was an extremely reasonable compromise position," thereby prolonging the litigation in bad faith. The town sought attorney's fees on these grounds.

The court granted the plaintiffs' petitions for injunctive relief and ruled:

> "Based upon the allegations of the petitions taken *pro confesso* and the evidence produced at the hearings, the court finds that in [*Koch v. Randall*] defendant Randall acted in bad faith in that the plaintiffs Koch have been forced to seek judicial assistance to secure a clearly defined and established right, which should have been freely enjoyed without such judicial intervention, and that defendant Randall unreasonably and vexatiously prolonged the instant litigation. The court makes the same findings with respect to the conduct of defendants Randall and Fostyck as to the plaintiff Town . . . .
>
> Accordingly, . . . the plaintiffs Koch are awarded their attorney's fees and costs . . . . [T]he plaintiff Town is awarded its reasonable attorney's fees and costs . . . ."

The defendants hired another attorney, whose motion for reconsideration and motion to file a late answer were denied.

On appeal, Randall and Fostyck argue that the Town's claim that it was forced to seek judicial assistance to secure a clearly defined and established right was a legal conclusion, not an allegation of fact, and therefore is not taken as admitted in a *pro confesso* judgment. With regard to Koch's claim of intentional harassment, Randall further argues that "it was surely incumbent upon the trial court to look beyond the bare allegations of the pleadings to determine the real facts of the case" before awarding punitive attorney's fees. Finally, the defendants argue that the trial court could not rely on the confession of judgment against them as a basis to assess attorney's fees because to do so would be punishing the litigants for their first attorney's negligence.

■■ The standard of review applied to the legally authorized award of attorney's fees is whether the trial court abused its discretion. *See Maguire v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 54, 573 A.2d 451, 453 (1990). In applying this standard, we "look[] for some support in the record for a trial court's decision concerning attorney's fees." *Id.* at 55, 573 A.2d at 453. The trial court took as confessed Koch's assertion that Randall acted with the intent to harass his neighbors. Because the court was hearing an equitable action, the defendant's failure to answer was termed an entry of judgment *pro confesso*. *See* SUPER. CT. R. 131. This is the same as a default judgment in an action at law. *See* R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1115, at 86 (1984). As in the case of a default, a judgment *pro confesso* results in the admission of all material and well-pleaded allegations of fact. *Id.* § 1096, at 66.

We hold that the trial court was correct in relying on Koch's pleadings, taken *pro confesso*, when awarding attorney's fees to Koch. The facts alleged in the pleadings, even apart from the description of Randall's conduct as intentional and for the purpose of harassment, and the testimony presented at the hearing form a sufficient basis to support the trial court's award of attorney's fees to Koch. The Koch pleadings and other evidence before the court included the following facts: in 1989, Randall was informed by the Winchester health officer that the manure pile at the edge of his property constituted a nuisance; Randall was ordered to remove the manure within twenty-four hours but failed to do so; the manure was not plowed under until almost two weeks had passed; and Randall received a letter signed by over forty residents of the mobile home park expressing their displeasure at the proximity of the manure pile, which caused them to become "prisoners in [their] own homes."

██ There is no dispute that Randall knew his lessee Fostyck used chicken manure to fertilize the fields, nor is it disputed that Randall was put on notice of the nuisance. "[L]iability for common law nuisance may be established if the landowner knew or had reason to know that a public nuisance existed . . . ." *State v. Charpentier*, 126 N.H. 56, 62, 489 A.2d 594, 599 (1985); *see also* RESTATEMENT (SECOND) OF TORTS § 837, at 152 (1979) (lessor subject to liability if lessor has reason to know nuisance-causing activity is or will be conducted). We therefore affirm the award of attorney's fees to Koch.

██ The town sought attorney's fees on the basis that the defendants' conduct was "unreasonably obstinate" and that the town should not have had to bring the action. *See Harkeem v. Adams*, 117 N.H. 687, 691, 377 A.2d 617, 619 (1977). The defendants' conduct with respect to the town's attempts to enforce its health code and protect the interests of its residents represents a proper basis for awarding attorney's fees. Both defendants knew the manure was a nuisance in 1989, and neither remedied the nuisance until almost two weeks had passed. In 1990, Fostyck acted affirmatively to cause the nuisance, and Randall took no action to prevent its recurrence. Again, neither defendant remedied the nuisance within twenty-four hours as had been previously ordered by the health officer, but instead waited until a full week had passed.

██ Contrary to the defendants' assertion that they are being punished for their lawyer's conduct, the law is clear that "'action taken in the conduct and disposition of civil litigation by an attorney within the scope of his [or her] authority is binding on [the] client.'" *Bock (Lundstrom) v. Lundstrom*, 133 N.H. 161, 163–64, 573 A.2d 882, 884 (1990) (quoting *Manchester Housing Auth. v. Zyla*, 118 N.H. 268, 269, 385 A.2d 225, 226 (1978)). "[I]t is well established that a client may not generally have relief from the consequences of an attorney's negligent failure to meet deadlines and other procedural requirements." *Cass v. Ray, Ex'r*, 131 N.H. 550, 554, 556 A.2d 1180, 1182 (1989).

██ In addition to the fact that the defendants are bound by the *pro confesso* judgment entered against them that allegedly resulted from their attorney's neglect, ample independent evidence introduced at the hearing substantiated the allegations in the pleadings. As we stated in *Keenan v. Fearon*, 130 N.H. 494, 502, 543 A.2d 1379, 1383 (1988), the award of attorney's fees is appropriate in "any action commenced, prolonged, required or defended without any rea-

sonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be." *Id.* at 502, 543 A.2d at 1383. The defendants' course of conduct made this action necessary, despite the fact that they had no reasonable claim in the law. The award of attorney's fees in this case was not made to punish the defendants for the alleged negligence of their attorney; the defendants' own acts and omissions, which caused the plaintiffs to litigate, support the award of attorney's fees.

*Affirmed.*

All concurred.