Carroll
No. 94-777

## EUGENE R. AND DEBORAH A. O'BRIEN

v.

## CONTINENTAL INSURANCE COMPANY

December 30, 1996

*Cooper, Deans & Cargill, P.A.*, of North Conway (*Randall F. Cooper* on the brief and orally), for the petitioners.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*James C. Wheat* on the brief and orally), for the respondent.

BROCK, C.J. The respondent, Continental Insurance Company (Continental), appeals from the Superior Court (*Fitzgerald*, J.) refusal to set aside a judgment *pro confesso* entered after it failed to enter an appearance by the return day. *See* SUPER. CT. R. 131. We affirm in part, vacate in part, and remand.

The facts set forth in the pleadings are as follows. The petitioners, Eugene R. and Deborah A. O'Brien, were the policy-holders of an

insurance policy issued by Continental. The policy included, among other things, uninsured motorist coverage. During the policy period, petitioner Eugene O'Brien was riding his bicycle in Mexico when he was struck by a hit and run driver and severely injured. Continental denied O'Brien's claim for coverage.

The petitioners filed a petition for declaratory judgment, seeking a determination that the uninsured motorist provisions of their insurance policy covered the accident. Continental failed to enter an appearance by the return date, and the trial court issued a notice of default. Continental moved to strike the default and for leave to enter a late appearance. It also filed an affidavit of defense and a timely answer on the thirtieth day after the return date. The petitioners objected to the motion and moved for judgment *pro confesso. See id.*

The trial court denied Continental's motion on the ground that it "provided no reason" for its failure to timely file. In the same order, the court granted the petitioners' motion for judgment *pro confesso.* Continental moved for rehearing of its own motion to strike the default and also moved to set aside the entry of judgment *pro confesso.* In these motions Continental, for the first time, explained why it defaulted initially: its failure to file in a timely manner was due to its agent, a contractor authorized to collect its mail, who failed to provide Continental with the documents. Continental asserts that, therefore, it never received notice. The court denied both motions and Continental appealed.

On appeal, Continental argues that the trial court abused its discretion in refusing to strike the default, in denying its motion to enter a late appearance, and in entering judgment *pro confesso.* The trial court's decision whether to strike an entry of default is within its discretion; we will not disturb such a ruling unless the court abused that discretion or erred as a matter of law. *Morriss v. Towle Hill Associates,* 138 N.H. 452, 454, 641 A.2d 1015, 1017 (1994). We address Continental's arguments in turn.

The superior court rules governing actions at law apply to proceedings in equity "so far as applicable." SUPER. CT. R. 116. Despite this rule, the court's declaration that Continental was in "default" for its failure to timely appear, *see* SUPER. CT. R. 14, was technically incorrect. The effect of failing to timely appear in an equity action is not "default"; rather, in equity proceedings, the effect of failure to timely appear is that "the bill shall be taken pro confesso, and a decree entered accordingly." SUPER. CT. R. 131; *see Koch v. Randall,* 136 N.H. 500, 503, 618 A.2d 283, 285 (1992). "As in the case of a default, a judgment *pro confesso* results in the

admission of all material and well-pleaded allegations of fact." *Koch*, 136 N.H. at 503, 618 A.2d at 285; *see Brady v. Mullen*, 139 N.H. 67, 70, 649 A.2d 47, 48 (1994).

The Preface to the Superior Court Rules states:

> Relief from failure to comply with the provisions of any rule may be granted on such terms as the Court may order, where, due to accident, mistake or misfortune and not through neglect, justice so requires.

> Upon the violation of any rule of Court, the Court may take such action as justice may require.

We have, in previous cases, "often strictly adhered to deadlines and other procedural requirements and have denied relief to delinquent parties." *Brady v. Duran*, 117 N.H. 275, 276, 372 A.2d 283, 284-85 (1977). We have affirmed trial court decisions to enter defaults where parties failed to comply with procedural rules, whether the default was the result of the party's own fault, *see Edward Nash & Sons, Inc. v. Starbird*, 132 N.H. 773, 776, 571 A.2d 285, 287 (1990), or the fault of the party's attorney, *see Brady v. Duran*, 117 N.H. at 276-77, 372 A.2d at 284-85.

At oral argument, Continental conceded that "given the current state of the law," the trial court "probably ruled properly" on whether it should be able to contest the facts of this case. We agree. *See Brady v. Duran*, 117 N.H. at 276-77, 372 A.2d at 284-85. Continental instead urges us to reevaluate our cases interpreting the accident, mistake or misfortune standard. A review of the record in this case convinces us that the well-pleaded allegations of fact, when taken as confessed, do little more than raise the issue of whether the policy at issue will provide coverage to the petitioners. In light of this, we conclude that this is not the occasion to revisit our cases in this area, and we affirm the trial court's ruling.

■ ■ We agree with Continental that, in the instant case, the trial court erred to the extent it treated the judgment *pro confesso* as a full judgment on the merits. The trial court granted the petitioners' motion for judgment *pro confesso*, which sought judgment that Continental is obligated to provide uninsured motorist coverage with respect to petitioner Eugene O'Brien's accident. A *pro confesso* decree admits only the material and well-pleaded allegations of fact, not conclusions of law. *Brady v. Mullen*, 139 N.H. at 71, 649 A.2d at 49. Even after a "default" and a *pro confesso* decree, "a defendant is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree." *Id.* (quotations omitted). An entry of

default or of judgment *pro confesso* "is a notation of status in the case. Neither a verdict nor a judgment, it is an interlocutory finding which forms the basis for the *later entry of judgment upon proof of right and amount.*" 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1092, at 63 (1984) (footnotes omitted) (emphasis added); *see id.* § 1115.

Thus, it still remains for the trial court to determine the validity of the underlying legal claim, including how the appropriate legal principles should be applied to the facts of this case. *See Brady v. Mullen*, 139 N.H. at 71, 649 A.2d at 49. The interpretation of an insurance policy, like any contract, is a question of law for the court to determine. *See Concord Gen. Mut. Ins. Co. v. Mitchell*, 138 N.H. 229, 231, 637 A.2d 903, 904 (1994).

*Affirmed in part; vacated in part; remanded.*

All concurred.