Hillsborough-northern judicial district
No. 96-072

### DAVID M. TOUMA & a.

v.

### ST. MARY'S BANK

May 11, 1998

*Dean, Rice & Howard, P.A.*, of Manchester (*Mark E. Howard* on the brief and orally), for the plaintiffs.

*Cook, Little, Rosenblatt & Manson, p.l.l.c.*, of Manchester (*Arnold Rosenblatt* and *Michael S. Owen* on the brief, and *Mr. Rosenblatt* orally), for the defendant.

HORTON, J. The plaintiffs, Dooley's II, Inc., a corporation that operated T.J. Dooley's II restaurant in Manchester, and its sole shareholder, David M. Touma, appeal the decision of the Superior Court (*Groff*, J.) that they failed to prove that the defendant's, St. Mary's Bank, defamatory foreclosure advertisement caused the decline and ultimate failure of the restaurant. The defendant cross-appeals the trial court's determination that the foreclosure advertisement was defamatory and the denial of its request for past due rent. We reverse in part, vacate in part, affirm in part, and remand.

The trial court found the following facts. In September 1991, after successfully operating T.J. Dooley's restaurant in Milford for several years, Touma, through his corporation Dooley's II, Inc., leased the premises then operating as the Hennessey House

restaurant in Manchester. Touma closed the restaurant for extensive renovations in February 1992 and reopened as T.J. Dooley's II in May 1992. During this time, the Hennesseys, who owned the property, experienced financial problems and increased the outstanding mortgages with the defendant on their real estate, including the Manchester property. The plaintiffs were unaware of the Hennesseys' financial troubles.

From the beginning of the tenancy, the plaintiffs complained to the Hennesseys and later to the defendant about leaks in the property's roof that interfered with the restaurant's operation. The defendant's attempts to repair the leaky roof were unsuccessful.

In December 1992, the defendant notified the plaintiffs that the Hennesseys had defaulted on their mortgage payments. Due to the default, the defendant decided to foreclose on the property. On March 21, 1993, in preparation for the foreclosure sale, the defendant published a foreclosure sale notice in the Manchester *Union Leader*. The notice announced the public auction of "two well known N.H. restaurants" and included a photograph of the property that the plaintiffs were leasing, which was identified, both in the photo and in the heading, as T.J. Dooley's II. Although the plaintiffs' counsel complained about the misleading notice and asked the defendant to publish a retraction, the defendant failed to do so. Consequently, on March 26 and April 1, 1993, the plaintiffs printed a large notice in the *Union Leader* announcing that the restaurant was "alive and well" and would continue in business.

Despite the plaintiffs' efforts, total sales for the restaurant declined in March 1993 and thereafter. Believing that the defendant was responsible for the restaurant's decline, the plaintiffs sued for damages caused by the foreclosure notice and for failing to maintain the leased premises. The defendant counterclaimed for past due rent. Although the trial court determined that the foreclosure notice was defamatory, it found for the defendant on the plaintiffs' claims and for the plaintiffs on the counterclaim. The court ruled that presumed damages are not recoverable in a defamation action of this nature and that the plaintiffs failed to prove any special damages. Additionally, the court ruled that because any duty owed by the defendant was owed to the corporation only, Touma had no standing to sue in his individual capacity. These appeals followed.

■ We first address the defendant's argument that Touma lacks standing to pursue this appeal. The trial court determined that "[a]ny duty owed by the defendant for any of the claims was owed to the corporation only" and dismissed Touma in his individual

capacity. The plaintiffs failed to raise this issue in their notice of appeal, and therefore the issue is not properly before us. *See* SUP. CT. R. 16(3)(b); *Appeal of Toczko*, 136 N.H. 480, 487, 618 A.2d 800, 804-05 (1992). Consequently, although Touma remains a proper party concerning the issues raised in the defendant's cross-appeal, we will analyze the issues raised in the plaintiffs' appeal only as they pertain to the remaining plaintiff, Dooley's II, Inc.

■ In its cross-appeal, the defendant maintains that the foreclosure sale notice was not defamatory. Whether the notice was defamatory is a mixed question of law and fact; as such, we will reverse the trial court's ruling only for error of law. *See Nash v. Keene Publishing Corp.*, 127 N.H. 214, 219, 498 A.2d 348, 351 (1985).

■ "To be defamatory, language must tend to lower the plaintiff in the esteem of any substantial and respectable group, even though it may be quite a small minority." *Duchesnaye v. Munro Enterprises, Inc.*, 125 N.H. 244, 252, 480 A.2d 123, 127 (1984) (quotations omitted). Although the defendant maintains that the foreclosure sale notice did not suggest that the plaintiff's restaurant would be affected by the foreclosure, the trial court correctly determined that the notice "convey[ed] to a reasonable person that the restaurant itself was in default and being foreclosed upon." That financial problems serious enough to warrant foreclosure would injure the plaintiff's reputation in the community is plain. Consequently, the foreclosure sale notice was defamatory.

■ We also reject the defendant's argument that publication of the notice was conditionally privileged. "A conditional privilege is established if the facts, although untrue, were published on a lawful occasion, in good faith, for a justifiable purpose, and with a belief, founded on reasonable grounds of its truth." *Id.* at 253, 480 A.2d at 127-28 (quotation and ellipses omitted). Specifically, the defendant contends that the photograph and the description of the property as a "well known N.H. restaurant[]" were published "for a justifiable purpose" — to identify the location of the foreclosure sale to potential buyers. The defendant, however, would have achieved the same purpose if it had published the photograph and explicitly explained that the building and not the lessee restaurant was the subject of the foreclosure.

The defendant also maintains that the trial court erred in failing to award it past due rent for February 1994. "We sustain the findings and rulings of the trial court unless they are lacking in evidential support or tainted by error of law." *Public Serv. Co. of*

*N.H. v. Town of Bow*, 139 N.H. 105, 107, 649 A.2d 65, 66 (1994) (quotation omitted).

Paul Carrier, the defendant's property manager, identified copies of checks that Touma wrote for rent through January 1994 only. Additionally, Donald Evans, an account officer with the defendant, testified that the disputed rental payment was being held in escrow. The trial court, however, found no "credible evidence to establish that plaintiff was in arrears in any amount on its rent." Because the only evidence in the record on this issue appears not to support this finding, we vacate and remand this issue to the trial court for its reconsideration.

We turn now to the corporate plaintiff's arguments. The plaintiff first argues that the trial court erred in determining that presumed damages are not available in a business defamation action. We will not disturb the trial court's ruling on this issue unless it is erroneous as a matter of law. *See O'Brien v. Continental Ins. Co.*, 141 N.H. 522, 523, 687 A.2d 262, 263 (1996).

■ Relying on *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), the trial court ruled that "presumed damages are not recoverable in a defamation action of this nature." In *Gertz*, the Supreme Court held that presumed damages were not available absent "a showing of knowledge of falsity or reckless disregard for the truth," where the defamation action was brought by a private individual regarding a matter of public concern. *Id.* at 349. Here, the defamation involved a matter of purely private concern — the representation that the defendant was foreclosing upon the plaintiff's restaurant. "In light of the reduced constitutional value of speech involving no matters of public concern," presumed damages are available in a defamation action such as this. *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 761 (1985). Because the trial court erred as a matter of law in concluding that presumed damages are not available, we reverse and remand.

■ The plaintiff next contends that the trial court erred in failing to award special damages for the defamation. "On review, we consider the evidence in the light most favorable to the prevailing part[y] below, and will overturn a damage award only if we find it to be clearly erroneous." *Bailey v. Sommovigo*, 137 N.H. 526, 530, 631 A.2d 913, 916 (1993).

Here, the trial court determined that the plaintiff failed to prove that any lost profits were caused by the foreclosure notice. Although the plaintiff contends that the foreclosure notice is the only explanation for the restaurant's decline in March 1993, the record

establishes that gross revenues actually began to decline several months earlier. Moreover, the trial court could reasonably have concluded that the plaintiff's rebuttal advertisements and continued operation of the restaurant should have halted any decline caused by the foreclosure notice; in fact, sales continued to decline thereafter. Consequently, we find no error in the trial court's determination. *See id.*

Finally, the plaintiff maintains that the trial court erred in ruling that the defendant had no obligation to repair and maintain the premises. We agree.

The defendant declared default on the Hennesseys' mortgage and exercised its rights under an assignment of lease from the Hennesseys. This assignment provided that the Hennesseys "will observe and perform all of their obligations . . . under [the] [l]ease so as not to impair the value of the interest covered thereby." Further, the assignment provided that it "shall not be construed as imposing any obligation of any nature whatsoever upon [the defendant] to take any action permitted [under the terms of the assignment]." The trial court correctly found that the defendant was not obliged to make repairs by virtue of the assignment; however, when the defendant foreclosed and exercised its rights under the assignment, it stepped into the Hennesseys' shoes, *vis a vis* the plaintiff, at least insofar as the Hennesseys' duty to repair.

> The rule that a mortgagee cannot collect rents notwithstanding the existence of a security interest in rents as a type of collateral, even though default may have occurred, without taking over possession and management of the rental premises, stems from the common sense observation that "rents do not spring from the ground" and that if the mortgagee seeks to collect the rents the mortgagee must likewise undertake the responsibilities and liabilities of management and operation of the business premises to justify receiving future rent payments. *Cf. In re Prichard Plaza Assoc. Ltd. Partnership*, 84 B.R. 289, 298 (Bankr. D. Mass. 1988). To do otherwise would in effect have the mortgagor act as an indentured servant acting for the mortgagee in operation of the business while allowing the mortgagee to take the fruits of the mortgagor's continuing efforts without any of the liabilities. Neither the Massachusetts nor the New Hampshire courts would permit this.

*In re Rancourt*, 123 B.R. 143, 148 (Bankr. D.N.H. 1991).

█ Absent an agreement between the plaintiff and the defendant relative to repairs, the defendant cannot use the allocation of duty in its assignment from the Hennesseys to avoid its obligation of repair *vis a vis* the plaintiff. We do not address whether the defendant may have an action against the Hennesseys under the assignment, but we do hold that a mortgagee in possession, or claiming the right to rents under an assignment, has the primary duty to the tenant to repair under a lease.

In sum, the trial court's ruling that presumed damages are not available in a business defamation action was error; its finding that the defendant was not due February 1994 rent was not supported by the record; and its ruling that a mortgagee in possession had no obligation to repair the premises was also error. Finding no other errors, we affirm in part, reverse in part, vacate in part, and remand for findings consistent with this opinion.

*Affirmed in part; reversed in part; vacated in part; remanded.*

BRODERICK, J., did not sit; the others concurred.