Grafton
No. 96-818

HANOVER INVESTMENT CORPORATION

v.

TOWN OF HANOVER

May 22, 1998

*Clauson & Atwood,* of Hanover (*Bradford T. Atwood* on the brief, and *K. William Clauson* orally), for the plaintiff.

*Mitchell & Bates, P.A.,* of Laconia (*Walter L. Mitchell* and *Timothy Bates* on the brief, and *Mr. Bates* orally), for the defendant.

*Susan Slack,* of Concord, by brief for the New Hampshire Municipal Association, as *amicus curiae.*

BROCK, C.J. The defendant, Town of Hanover (town), appeals a decision of the Superior Court (*Smith,* J.) denying its motion to strike a judgment *pro confesso,* entered after the town failed to file a notice of appearance, an answer, or a certified record of the proceedings below by the specified return dates. We reverse and remand.

The plaintiff, Hanover Investment Corporation, appealed a decision of the Town of Hanover Zoning Board of Adjustment (board) that the plaintiff's property is located within the residential zoning district. *See* RSA 677:4 (1996) (amended 1996). Upon receiving the plaintiff's petition, the superior court issued an order of notice requiring the town to file a notice of appearance by August 6, 1996, and an answer and certified record of all proceedings below by September 5, 1996.

The town did not file the requested documents as ordered by the court, prompting the plaintiff to file a motion for judgment *pro confesso* and a proposed final decree in equity on September 23,

1996. The town did not respond. On October 10, 1996, the superior court entered a judgment *pro confesso* and granted the plaintiff's proposed final decree in equity, thus reversing the board's decision.

The following day, the town filed a motion for late entry of appearance and extension of time to file an answer and certified record, as well as a motion to strike the judgment *pro confesso*. The superior court denied the town's motions without hearing or opinion. The town's motion for reconsideration was also denied without explanation, and the town appealed.

 The town argues that the judgment *pro confesso* is erroneous because the court failed to comply with the notice provisions in RSA 514:1-a (1997). We will reverse the trial court's denial of the motion to strike the judgment *pro confesso* only if the court abused its discretion or erred as a matter of law. *O'Brien v. Continental Ins. Co.*, 141 N.H. 522, 523, 687 A.2d 262, 263 (1996).

"[W]hen the issue raised presents a new question of statutory construction, we begin our analysis with an examination of the statutory language." *Atwood v. Owens*, 142 N.H. 396, 398, 702 A.2d 333, 335 (1997) (quotation omitted). RSA 514:1-a provides:

> If the defendant on whom process has been served is a town, a default shall not be recorded and a judgment shall not be rendered against the town, *unless the clerk of court has given written notice to the town of the impending default judgment at least 10 days before the default judgment is rendered.*

(Emphasis added.) The town argues that the court's failure to notify it of the impending judgment *pro confesso* renders the judgment invalid. Although the plaintiff concedes that RSA 514:1-a applies to judgments *pro confesso* as well as default judgments, it argues that RSA 514:1-a applies only when default judgments are entered based on the town's failure to file an appearance. This argument is grounded in RSA 514:1 (1997), which provides:

> If a defendant on whom process has been duly served neglects to appear at the court to which the same is returned his default shall be recorded, and judgment shall be rendered against him for such damages as upon inquiry the plaintiff appears to have sustained.

Because this statute is the companion section to RSA 514:1-a and refers only to defaults entered for a defendant's failure to enter an appearance, the plaintiff contends that RSA 514:1-a does not protect

the town from its other defaults — failing to file an answer and a copy of the certified record as ordered by the superior court.

■ We disagree. Because the judgment *pro confesso* was based, in whole or in part, on the town's failure to file an appearance, the court was required to give the town notice of the impending default judgment in accordance with RSA 514:1-a. The court's failure to do so renders the judgment *pro confesso* invalid. *See* RSA 514:1-a; *Appeal of Rowan*, 142 N.H. 67, 71, 694 A.2d 1002, 1004 (1997) (noting that we construe statutes in accordance with the plain meaning of the words used).

Furthermore, "it is not to be presumed that the legislature would pass an act leading to an absurd result and nullifying to an appreciable extent the purpose of the statute." *Appeal of Ashland Elec. Dept.*, 141 N.H. 336, 340, 682 A.2d 710, 712-13 (1996) (brackets and quotation omitted). The purpose of RSA 514:1-a is to provide municipalities with notice of impending default judgments.

> [T]his special default protection makes considerable sense . . . because of some of the problems peculiar to municipal corporations. Members of boards of selectmen are con- stantly changing, as are municipal clerks. Most municipal- ities do not have in-house counsel. Many have no regular counsel at all and many of the smaller municipalities have little, if any, experience with litigation. . . . By the time the selectmen are served, hold a meeting, choose counsel and take time off from their regular jobs to meet with counsel, the normal default period may well have elapsed.

14 P. LOUGHLIN, NEW HAMPSHIRE PRACTICE, LOCAL GOVERN- MENT LAW § 977, at 225 (1995).

Because the town did not receive the statutory notice, it never had the ten-day period in which to forestall the impending default for failure to enter a timely appearance and otherwise comply with the court's order of notice.

We therefore hold that, pursuant to RSA 514:1-a, the court's lack of proper notice to the town renders the judgment *pro confesso* invalid. Accordingly, the trial court erred in denying the town's motion to strike. Whether RSA 514:1-a would apply when a town has filed a timely appearance but failed to file an answer, or any other required document, is a question we need not decide at this time. We

reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

JOHNSON, J., did not sit; the others concurred.