Hillsborough-southern judicial district
No. 97-656

## THE STATE OF NEW HAMPSHIRE

v.

## CONSOLIDATED RECYCLING, INC. & a.

December 16, 1999

*Philip T. McLaughlin*, attorney general (*Geoffrey J. Ransom*, assistant attorney general, on the brief and orally), for the State.

*Bolton Law Offices, P.A.*, of Nashua (*Steven A. Bolton* on the brief and orally), for the defendants.

BROCK, C.J. The defendants, Consolidated Recycling, Inc. (Consolidated), Debon Sales, and Franklin Darrel Sales, appeal certain decisions of the Superior Court (*Dalianis*, J.): (1) denying their motion to strike a default; (2) declining to conduct a hearing on relief prior to entering a final order; and (3) assessing a civil penalty where no such penalty had been sought by the State prior to the default. We affirm in part, vacate in part, and remand.

Consolidated recycles fluorescent lamps and ballasts. Debon Sales is the president of Consolidated, and Franklin Darrel Sales is director and general manager of Consolidated. On March 19, 1997, the State of New Hampshire filed a petition for preliminary and permanent injunctive relief against all three defendants. The

petition alleged, among other things, that the defendants knowingly operated a solid waste facility without a permit, *see* RSA 149-M:10 (1996 & Supp. 1998), and failed to manage hazardous waste in accordance with State hazardous waste laws, *see* RSA ch. 147-A (1996 & Supp. 1998).

The parties reached a temporary agreement that was incorporated into the court's order dated March 31, 1997. The defendants agreed to cease receiving and processing solid waste, to manage certain hazardous waste in accordance with New Hampshire hazardous waste regulations, and to remove and relocate all solid waste from the site in question within ninety days. Believing that the agreement concluded the matter, the defendants did not file an answer to the State's order of notice within thirty days of the return date. *See* SUPER. CT. R. 127.

On June 23, the Superior Court (*Conboy*, J.) entered a default against the defendants for failing to file an answer. The defendants moved to strike the default, arguing that they were mistaken as to the need to file an answer because of the parties' agreement that had been incorporated in the court's order. The Court (*Dalianis*, J.) denied the motion.

In July 1997, the State filed its proposed final order. In addition to the injunctive relief sought in its original petition, the State requested that the court impose a $32,000 civil penalty against the defendants. *See* RSA 149-M:15, IV (Supp. 1998). The defendants objected to the State's proposed final order and requested a hearing on the matter. The court entered the final order without a hearing, modifying the State's proposed order in part but including the $32,000 civil penalty. The same day the final order was entered, the defendants filed an answer to the State's petition. Until this appeal, the defendants were not represented by legal counsel.

The defendants first argue that the trial court erred in denying their motion to strike the default. They rely on the preface to the superior court rules which provides: "Relief from failure to comply with the provisions of any rule may be granted . . . where, due to accident, mistake or misfortune and not through neglect, justice so requires." *But see* SUPER. CT. R. PREFACE (amended effective January 1, 2000) (deleting requirement that failure be due to accident, mistake or misfortune and not through neglect). The defendants allege that their failure to file a timely answer was due to a mistaken belief that the agreement, incorporated in the court's order, made it unnecessary to file an answer.

As an initial matter, we note that the default entered by the trial court for failure to file a timely answer to an equity petition had

the effect of a decree *pro confesso* rather than a full judgment on the merits. *See* SUPER. CT. R. 131; *cf. O'Brien v. Continental Ins. Co.*, 141 N.H. 522, 523-24, 687 A.2d 262, 263-64 (1996). Accordingly, we construe the trial court's order as entering a decree *pro confesso*.

The defendants argue that because there was no hearing on the motion and the facts alleged by the defendants went uncontested by the State, we are in as good a position as the superior court to decide the issue. *See State v. Cushing*, 119 N.H. 777, 778, 407 A.2d 823, 824 (1979). Even if we were to apply this standard of review, we would conclude that the default was not the product of an "accident, mistake or misfortune."

"We have defined 'accident, mistake or misfortune' as 'something outside of one's control, or something which a reasonably prudent [person] would not be expected to guard against or provide for.'" *Morriss v. Towle Hill Associates*, 138 N.H. 452, 454, 641 A.2d 1015, 1017 (1994). "The words import something that is outside the expectation or control of a party or its attorney." *Lakeview Homeowners Assoc. v. Moulton Constr.*, 141 N.H. 789, 791, 693 A.2d 87, 90 (1997) (quotation and brackets omitted). We cannot conclude that the defendants' failure to file an answer to the State's petition was due to an "accident, mistake or misfortune."

■ The order of notice clearly informed the defendants that failure to file a written appearance or an answer to the petition by the return date would result in default and entry of judgment, without further notice, for all relief claimed. The order of notice further informed the defendants that the petition would be taken *pro confesso*. Moreover, the petition, attached to the order of notice, was for both temporary and permanent injunctive relief. The State expressly reserved the right to seek civil penalties or take any other appropriate enforcement action. Although the parties reached an agreement that was incorporated in the court's order, that order was for a preliminary injunction, and the court described the agreement as temporary. Even if the defendants were mistaken about the preliminary injunction, the court's order cannot reasonably be construed to have resolved the State's petition for permanent injunctive relief. We conclude, therefore, that a reasonably prudent person would have filed an answer to the State's petition. *Cf. Appeal of Demeritt*, 142 N.H. 807, 811, 713 A.2d 378, 381 (1998) (*pro se* litigants bound by the same procedural rules as parties represented by counsel). Accordingly, we affirm the trial court's denial of the defendants' motion to strike.

■ The defendants next argue that the trial court erred in not conducting a hearing on the relief requested in the State's proposed final order because it treated the default as a full judgment on the merits rather than as a decree *pro confesso*. A decree *pro confesso* is merely an interlocutory order that results in the admission of all material and well-pleaded allegations of fact, *see Douglas v. Douglas*, 143 N.H. 419, 426, 728 A.2d 215, 220 (1999), but not conclusions of law, *see O'Brien*, 141 N.H. at 524, 687 A.2d at 264. A decree *pro confesso* "is a notation of status in the case. Neither a verdict nor a judgment, it is an interlocutory finding which forms the basis for the later entry of judgment upon proof of right and amount." *Id.* at 525, 687 A.2d at 264 (quotation and emphasis omitted). The "decree *pro confesso*, therefore, admits only those well-pleaded facts alleged in the [petition], and a properly noticed hearing must be held to determine the proper [remedy]." *Douglas*, 143 N.H. at 426, 728 A.2d at 220. We conclude that the trial court erred when it entered the final order without providing the defendants with the opportunity for a hearing to determine the appropriate relief. *See id.* Accordingly, we vacate the court's final order and remand for a hearing.

Because we vacate the final order, it is unnecessary for us to address the defendants' argument that the trial court erred in assessing a civil penalty of $32,000. After considering the defendants' remaining argument, we conclude that it is without merit, warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed in part; vacated in part; remanded.*

All concurred.